**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENDALL ANDERSON, *et. al*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendants. | Case No. 25-cv-03609-BAS-MSB <br><br> **ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS' MOTION FOR SEPARATE BRIEFING AND TIME EXTENSION (ECF No. 46)** |

Pending before the Court is Defendants' American Airlines, Inc., American Airlines Group, Inc., and American Airlines Federal Credit Union ("American Airlines Defendants") motion for extension of time and separate briefing (ECF No. 46) in responding to Plaintiffs' Complaint (ECF No. 1) against American Airlines Defendants and Coast Flight Training and Management, Inc ("Coast Defendant"). For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** American Airlines Defendants' motion. (ECF No. 46.)

On January 26, 2026, the Court granted Parties' joint motion and ordered Defendants to file their response to the Complaint by March 18, 2026. (*See* ECF No. 23.) Per an email exchange between Parties following the Court's prior order, Plaintiffs were under the

- 1 -

impression that American Airlines Defendants would file a consolidated 35-page motion to dismiss and transfer venue. (*See* ECF No. 47-1 ¶ 8; *see also* ECF No. 46 at 10–11.) American Airlines Defendants now move against filing a consolidated 35-page motion to dismiss, and instead, move to each file a motion to dismiss for 25 pages each and a single joint motion to transfer venue of 25 pages; and move for page extensions. (ECF No. 46 at 10–11.) American Airlines Defendants also seek an extension of time on the briefing schedule. (*Id*. at 13–14.) Plaintiffs oppose American Airlines Defendants' request to file separate motions and for page extensions. (ECF No. 47.)

As Henry David Thoreau allegedly wrote in a letter to a friend, a story need not be long "but it will take a long while to make it short." Clearly, the parties, who have filed over 50 pages to argue about a scheduling order, did not have sufficient time to draft their motion and response. (*See* ECF Nos. 46, 47.) Thus, the Court is willing to give the parties sufficient time to craft appropriately pithy motions and responses, but not to extend the page limits.

If Defendants believe the Motion to Transfer is entirely separate from the Motion to Dismiss and will not include any duplication (no argument, for example, that the case should be dismissed for improper venue or be transferred arguing the same factors), then Defendants may file one separate consolidated Motion to Transfer. However, the Court will not take kindly to reading the same cut and paste sections in multiple Motions.

With respect to the Motions to Dismiss, the three American Airlines Defendants may file a consolidated Motion to Dismiss and the Coast Defendant may also file its own Motion to Dismiss, but there will be no increase in page limits.

In sum, the Court **DENIES** American Airlines Defendants' request to each separately file a motion to dismiss. (*See* ECF No. 46.) American Airlines Defendants' consolidated Motion to Dismiss, Coast Defendant's Motion to Dismiss, or other Responses to Plaintiffs' Complaint shall be **no longer than 25 pages**.

Next, the Court **GRANTS** American Airlines Defendants' request to separately file a motion to transfer, which shall be **no longer than 15 pages**.

25cv3609

Lastly, given that Plaintiffs do not oppose American Airlines Defendants' request for a modified briefing schedule (*see* ECF No. 47), the Court **GRANTS** the briefing schedule proposed by American Airlines Defendants as follows:

- **Defendants' Responses to Complaint** – March 18, 2026
- **Plaintiffs' Opposition Papers** – April 17, 2026
- **Defendants' Reply Papers** – May 1, 2026.

**IT IS SO ORDERED.**

**DATED: March 13, 2026**

_____
**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

25cv3609