ARTHUR WILLNER, SBN 118480
LEADER BERKON COLAO & SILVERSTEIN LLP
445 South Figueroa Street, Suite 2980
Los Angeles, CA 90071
Telephone: (213) 234-1750
Facsimile:  (213) 234-1747

Attorneys for Defendant
COAST FLIGHT TRAINING AND
MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWENTY CADETS: KENDALL ANDERSON, CHRISTOPHER CHODKOWSKI, DE'ANDRE CLARK, ANDREW FOGEL, LUDGY GERMAIN, DISNEY-SEAN GRANNELL, JAMAAL JOHNSON, KRYSTALL JONES, ADAM KHAN, ASHLEY KUMAR, FAITH LITTLE, HONNAH LUSBY, SAMIRA MCGOWAN, KETSIA MIANDA, THIAGO ORTEGA, IVANA PAGE, TRISTON SANDERSON, and MATHIAS THELUS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN AIRLINES, INC., AMERICAN AIRLINES GROUP, | Case No. **25CV3609BAS MSB** <br><br> DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC.  NOTICE OF MOTION AND MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)] <br><br> Date: July 17, 2026 <br> Courtroom: 12B <br> Judge: Hon. Cynthia A. Bashant <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

INC., AMERICAN AIRLINES FEDERAL CREDIT UNION, and COAST FLIGHT TRAINING AND MANAGEMENT, INC.,

Defendants.

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 17, 2026, in Courtroom 12B, before the Honorable Cyntha Bashant, in the United States District Court for the Southern District of California, located at 333 West Broadway, San Diego, California 92101, Defendant, COAST FLIGHT TRAINING AND MANAGEMENT, INC. ("Coast"), by and through its counsel, will and does hereby move and pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* to dismiss certain causes of action asserted against Coast.

This action is brought by twenty individuals who applied and were accepted into the American Airlines Cadet Academy ("AACA") which plaintiffs contend was a program intended to expand opportunities for minorities to become pilots with the potential for employment with American Airlines. Coast is a flight school that provided training for these would-be pilots.

Coast brings this motion to dismiss the following state law causes of action asserted against it by plaintiffs:

Plaintiffs' First Cause of Action (Fraudulent Misrepresentation/Intentional Misrepresentation), Second Cause of Action (Fraudulent Concealment), Third Cause of Action (Promissory Fraud/Fraudulent Inducement), Fourth Cause of Action (Negligent Misrepresentation), Fifth Cause of Action (Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*), Sixth Cause of Action (Violation of California False

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

- 2 -

Advertising Law – Cal. Bus. & Prof. Code § 17500 *et seq.*), Seventh Cause of Action (Violation of California Consumers Legal Remedies Act – Cal. Civ. Code § 1750 *et seq.*), Eighth Cause of Action (Violation of the Texas Deceptive Trade Practices-Consumer Protection Act – Tex. Bus. & Com. Code Section 17.41 *et seq.*), Ninth Cause of Action (Violation of the California Unruh Civil Rights Act – Cal. Civ. Code Section 51, *et seq.*), Thirteenth Cause of Action (Breach of Contract), and Fifteenth Cause of Action (Breach of Quasi-Contract) should be dismissed without leave to amend because these are state law claims that are preempted by federal law.

Specifically, air safety standards are the exclusive province of federal law and are subject to a pervasive system of Federal Aviation Regulations that implicate the underlying allegations asserted by each of these causes of action. These claims are, therefore, preempted by implied field preemption "because they require the factfinder to intrude upon the federally occupied field of aviation safety." *Ventress v. Japan Airlines*, 747 F.3d 716, 719 (9th Cir. 2014).

In addition, Coast's motion separately addresses four claims as to which Coast has distinct, independent grounds for dismissal: The claims for Promissory Fraud (Third Cause of Action), Texas DTPA (Eighth Cause of Action), and ECOA (Tenth Cause of Action) fail for reasons specific to Coast's role in the AACA and the First Amended Complaint's failure to adequately attribute the relevant conduct to Coast individually. Further, the Fifteenth Cause of Action fails to properly plead a claim for Breach of Quasi-Contract.

This motion is made following the conference of counsel that took place on May 13, 2026.

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

- 3 -

Dated:  May 21, 2026

LEADER BERKON COLAO &
SILVERSTEIN LLP

By: /s_____
Arthur I. Willner, Esq.
Attorneys for Defendant
COAST FLIGHT TRAINING AND
MANAGEMENT, INC.
Email: awillner@leaderberkon.com

- 4 -

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………… 7

MEMORANDUM OF POINTS AND AUTHORITIES ……………………. 10

I.      INTRODUCTION.............................................................................10

II.     LEGAL STANDARD ........................................................................11

III.    ARGUMENT ......................................................................................12

  A.    The Complaint's State Law Causes of Action Are Barred Because They Are Preempted by Federal Law..........................................................12

  B.    Promissory Fraud (Third Cause of Action) Fails: The Scienter Allegation Is a Legal Conclusion and the Factual Record Attributes the Key to American, Not Coast. ..................................16

    1.    The Scienter Allegation Is a Legal Conclusion with No Supporting Facts..........................................................................17

    2.    Plaintiffs Attribute the Most Direct Enrollment Representations to American. ........................................................17

    3.    Group Pleading of Scienter Fails Under Rule 9(b)...................19

  C.    The Texas DTPA (Eighth Cause of Action) Fails Because Plaintiffs Do Not Allege Facts Against Coast. .............................................19

    1.    The California-Trained Plaintiffs Lack Standing to Bring a Texas Claim.................................................................................20

    2.    Texas-Trained Plaintiffs Fail to Plead Reliance as to Coast's Representations. ..........................................................................20

    3.    Each DTPA Theory Fails Independently as to Coast. ..............21

  D.    The Equal Credit Opportunity Act (Tenth Cause of Action) Fails Because Plaintiffs Have Failed to Sufficiently Plead that Coast is a Creditor. ....................................................................................24

    1.    The Complaint Pleads Coast as a Creditor in a Single Conclusory Sentence. .................................................................24

    2.    The Reverse-Redlining Campaign Is Attributed to American, Not Coast. .................................................................................25

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

E.    The Claim for Breach of Quasi-Contract (Fourteenth Cause of Action) Fails Because Plaintiffs Have Alleged Breach of an Enforceable Contract. .26

IV.    CONCLUSION ...................................................................................27

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ------------------------------------------------------------ 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ------------------------------------------------------------ 11

*Berry v. Indianapolis Life Ins. Co.*,
  608 F. Supp. 2d 785 (N.D. Tex. 2009) ---------------------------------------- 19

*Cogan v. Triad American Energy*,
  944 F. Supp. 1325 (S.D. Tex. 1996) ------------------------------------------ 20

*D2 Productions Inc. v. Universal Music Corp.*,
  2:24-cv-10115, 2025 WL 1843115 (June 20, 2025, C.D. Cal.) -------------------- 27

*Dorsey v. Portfolio Equities, Inc.*,
  540 F.3d 333 (5th Cir. 2008) ----------------------------------------------- 19, 21

*Egbukichi v. Wells Fargo Bank, N.A.*,
  184 F.Supp.3d 971 (D. Or. 2016) ------------------------------------------- 26

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
  565 F.3d 200 (5th Cir. 2009) --------------------------------------------- 21

*Fluorine On Call, Ltd. v. Fluorogas Ltd.*,
  380 F.3d 849 (5th Cir. 2004) ---------------------------------------------21, 22, 23

*Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*,
  960 S.W.2d 41 (Tex. 1998) ---------------------------------------------21, 22, 23

*Frith v. Guardian Life Ins. Co.*,
  9 F.Supp.2d 734 (S.D. Tex. 1998) -------------------------------------------- 19

*Gill v. Boyd Distribution Ctr.*,
  64 S.W.3d 601 (Tex. App. 2001) ------------------------------------------ 23

*Gilstrap v. United Air Lines, Inc.*,
  709 F.3d 995 (9th Cir. 2013) ------------------------------------------------- 13

*Grant v. Chapman Univ.*,
  118 Cal. App. 5th 453, 341 Cal. Rptr. 3d 563 (2026) --------------------------- 18

*Kashmiri v. Regents of University of California*,
  (2007) 156 Cal. App. 4th 809, 67 Cal.Rptr.3d 635 ---------------------------- 18

*Lazar v. Superior Court*,
  12 Cal.4th 631 (1996) ------------------------------------------------------- 16, 19

*Magpali v. Farmers Group, Inc.*,
  47 Cal.App.4th 1024 (1996) ------------------------------------------------- 16, 19

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

*Mat–Van, Inc. v. Sheldon Good & Co. Auctions, LLC,*
No. 07–CV–912 IEGBLM, 2007 WL 2206946 (S. D. Cal. July 27, 2007) ------ 16

*Montalvo v. Spirit Airlines,*
508 F.3d 464 (9th Cir.2007) ---------------------------------------------------- 13, 16

*Nia v. Bank of America, N.A.,*
603 F. Supp. 3d 894 (S.D. Cal. 2022) --------------------------------------- 24, 25

*Ollie v. Waypoint Homes, Inc.,*
104 F. Supp. 3d 1012 (N.D. Cal. 2015) ------------------------------------------ 25

*Perez v. Hung Kien Luu,*
244 S.W.3d 444 (Tex. App. 2007) --------------------------------------------- 20

*Riethman v. Berry,*
287 F.3d 274 (3rd Cir. 2002) --------------------------------------------------- 25

*Rosal v. First Federal Bank of California,*
671 F.Supp.2d 1111 (N.D. Cal. 2009) -------------------------------------------- 26

*Rutherford Holdings, LLC v. Plaza del Rey,*
223 Cal.App.4th 221 (2014) ---------------------------------------------------- 27

*Saroya v. University of the Pacific,*
503 F.Supp.3d 986 (N.D. Cal. 2020) --------------------------------------------- 27

*Shaumyan v. Sidetex Co.,*
900 F.2d 16 (2d Cir. 1990) ----------------------------------------------------- 25

*Sheehan v. Adams,*
320 S.W.3d 890 (2010) --------------------------------------------------------- 24

*Small v. Fritz Companies, Inc.,*
30 Cal.4th 167 (2003) ---------------------------------------------------------- 16

*Stonecypher v. IASCO Flight Training Inc.,*
2:17-cv-02409, 2018 WL 4409438 (Sept. 17, 2018, E.D. Ca.) ---------------- 14, 16

*Swartz v. KPMG LLP,*
476 F.3d 756 (9th Cir. 2007) ------------------------------------------------12, 16, 19

*Tenzer v. Superscope, Inc.,*
39 Cal.3d 18 (1985)------------------------------------------------------------16, 17, 19

*Ventress v. Japan Airlines,*
747 F.3d 716 (9th Cir. 2014) ----------------------------------------------3, 13, 14, 15

*Vess v. Ciba-Geigy Corp. USA,*
317 F.3d 1097 (9th Cir. 2003)-------------------------------------------------- 12

**Statutes**

15 U.S.C. § 1691(a)(1)------------------------------------------------------------- 24
15 U.S.C. § 1691a(d)--------------------------------------------------------------- 25
Cal. Bus. & Prof. Code § 17200-----------------------------------------------------2, 14
Cal. Bus. & Prof. Code § 17500------------------------------------------------------3

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

- 8 -

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

Cal. Civ. Code Section 51 ------------------------------------------------------------------------------- 3
Cal. Civ. Code § 1750 --------------------------------------------------------------------------------3, 14
Tex. Bus. & Com. Code Section 17.41 -------------------------------------------------3, 14
Tex. Bus. & Com. Code § 17.50(a)(1)--------------------------------------------------- 19

**Rules**

FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)----------------1, 2, 11

**Regulations**

14 C.F.R. Part 61 ---------------------------------------------------------------------10, 12, 27

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs are all would-be pilots who had enrolled in the American Airlines Cadet Academy ("AACA") with the goal of training to become airline pilots. They have filed a sweeping First Amended Complaint against three defendants—American Airlines, Inc., American Airlines Group, Inc. (collectively "American"), and Coast Flight Training and Management, Inc. ("Coast"). Coast's role was simply to provide the pilot training for the AACA cadets. American recruited, interviewed, selected, and admitted cadets, controlled the AACA's marketing and public-facing promises, administered the mentorship program, and terminated cadets who Coast determined were unable to satisfy the pilot training requirements of the program.

The fundamental, irremediable problem with all of plaintiffs' state common law and statutory causes of action asserted against Coast is that they are preempted and barred by federal law. These claims share as their basis allegations that Coast violated state law regarding how it conducted its pilot training program. However, pilot training is indisputably a critical aspect of aviation safety which is exclusively a matter of federal law. Specifically, pilot training is subject to a pervasive scheme of federal regulations under 14 C.F.R. Part 61. Plaintiffs' state law claims would require the fact finder to intrude upon issues of aviation safety and is therefore subject to implied field preemption.

In addition, Coast's motion separately addresses four claims as to which Coast has distinct, independent grounds for dismissal: Promissory Fraud, Texas DTPA, and ECOA. Each of these three claims fail for reasons specific to Coast's role in the AACA and the Complaint's failure to adequately attribute the relevant conduct to Coast individually. Furthermore, the FAC fails to properly plead a claim for Breach of Quasi-Contract.

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

Plaintiffs oscillate between three modes of attribution that mask Coast's actual role: attributing conduct to "American and Coast" jointly, attributing it to "Defendants" collectively without specifying which defendant acted, and attributing it to American specifically, then sweeping Coast in through the causes of action under the group label. The attribution problem runs through all three claims. The AACA's program structure, as described by Plaintiffs, divided roles clearly. "American interviewed and selected the prospective cadets" and then allowed cadets to choose Coast as their flight school. *See* First Amended Complaint ("FAC") ¶ 42. Consistent with that structure, each of the Plaintiffs' admission interviews were conducted by American. *See id.* at ¶¶ 403, 429, 448, 477, 503, 522, 547, 578, 602, 634, 665, 690, 710, 732, 759, 783, 811, 841, 872, 898. Coast conducted none. American's press releases and website made representations on cost, timeline, and mentorship. *See id.* at ¶¶ 99–106, 143–149, 167. Plaintiffs allege it was American who acknowledged in March 2023 that American had not yet "begin the official rollout of our mentor program." *See id.* at ¶ 201. The alleged reverse-redlining marketing campaign under ECOA was American's, not Coast's. *See id.* at ¶¶ 237–269. The FAC identifies Coast as a flight training provider, a sender of Welcome Emails and Price Sheets, and the operator of physical training facilities. That record does not support the claims asserted against it. Each should be dismissed.

## II.    LEGAL STANDARD

To survive Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions and threadbare recitals of elements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims sounding in fraud are subject to Rule 9(b)'s requirement that "the circumstances constituting fraud" be stated with particularity: the "who, what, when, where, and how" of the alleged

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

- 11 -

misrepresentation. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Where fraud is alleged against multiple defendants, each defendant's individual fraudulent conduct must be separately identified. *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007). Collective attribution to multiple defendants as "Defendants" without disaggregating individual conduct does not satisfy Rule 9(b). *Id.*

## III.    ARGUMENT

### A.    The Complaint's State Law Causes of Action Are Barred Because They Are Preempted by Federal Law.

Plaintiffs' state common law and statutory claims share as their basis allegations that Coast misrepresented, among other things, issues pertaining to the time it normally takes cadets to successfully complete their pilot training; pilot training schedules; cadet success rates; the availability of American Airlines pilots as mentors; the availability of aircraft and flight instructors; the grading and evaluation of cadets and the availability of remedial programs for minority cadets; and Coast's reports to American regarding the piloting skills and capabilities of these plaintiffs.  Plaintiffs' sweeping allegations assert violations of state law including fraud (Causes of Action Nos. 1 – 4), unfair business practices and consumer protection laws (Causes of Action Nos. 5-8), racial discrimination (Cause of Action No. 9), and Breach of Contract and Breach of Quasi-Contract (Cause of Action Nos. 13, 15).  They essentially allege that Coast unfairly determined that they were unsuitable as potential airline pilots.

Pilot training and certification are governed exclusively by federal law under the pervasive scheme of Federal Aviation Regulations (specifically 14 C.F.R. Part 61, Certification: Pilots, Flight Instructors, and Ground Instructors) promulgated pursuant to the Federal Aviation Act.  It should be self-evident that pilot training is fundamentally a matter of aviation safety.  For example, Part 61.3 addresses the

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

requirement for a pilot to be certificated to operate an aircraft in the U.S.; Part 61.5 sets forth the certificates that are issued "to an applicant who satisfactorily accomplishes the training and certification requirements for the certificate." Part 61.81-61.95 address Student Pilot Eligibility requirements. Part 61.102 – 61.120 address eligibility and knowledge requirements for private pilots. Part 61.121 – 61.141 address eligibility, knowledge, and proficiency for commercial pilots. These sections are just a small sampling of the pervasive regulations that exist to make sure that the people piloting aircraft are trained, qualified, proficient, and certified.

The Ninth Circuit has long recognized that "the FAA preempts the entire field of aviation safety through implied field preemption." *Montalvo v. Spirit Airlines*, 508 F.3d 464,468 (9th Cir.2007). The FAA has exercised its authority "to create and enforce one unified system of flight rules" by "issuing such pervasive regulations that we can infer a preemptive intent to displace all state law on the subject of air safety." *Id.* at 472.

The scope of field preemption extends only to the standard of care. Additional remedies under state tort law are available "where a plaintiff alleges a violation of the safety standards set by federal regulations." *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1006 (9th Cir. 2013). It is indisputable that none of the Plaintiffs herein allege in the FAC that Coast violated any of the pervasive federal regulations governing pilot training.

Plaintiffs' state law claims asserted in their Complaint herein are preempted "because they required the factfinder to intrude upon the federally occupied field of aviation safety." *Ventress v. Japan Airlines*, 747 F.3d 716, 719 (9th Cir. 2014). That the instant case does not arise out of an airplane crash or passenger or pilot injuries is immaterial since the preemptive effect of the federal aviation regulatory schemed extends beyond "typical" tort claims. Indeed, the point of entrusting

- 13 -

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

aviation safety in all its aspects to federal law is to create a system whose goal is to prevent such incidents from even occurring.

The Ninth Circuit's decision in *Ventress* is squarely on point where it held that the FAA preempted a flight engineer's common law wrongful discharge and retaliation claims. *Id.* at 719. The court applied *Montalvo* principles noting that the plaintiff's claims implicated aviation safety because they addressed pilot qualifications, which are pervasively regulated by the Federal Aviation Regulations. *Id.* at 721-722. *See also Stonecypher v. IASCO Flight Training Inc.*, 2:17-cv-02409, 2018 WL 4409438 (Sept. 17, 2018, E.D. Ca.) (Court granted flight training school's motion to dismiss state Labor Code retaliation claims as field preempted because it would have to determine in the context of a state law claim whether federal regulations had been violated).

Applying the principles in *Montalvo* and *Ventress*, resolving each of the state law claims of the Plaintiffs herein would implicate aviation safety by requiring the factfinder to determine in the first instance whether Coast had legitimate reasons to determine that these cadets were unsuitable as pilots and to report their findings to American. For example, Plaintiffs' fraud claims (Causes of Action 1-4) would require the factfinder to second guess whether Coast was required to guarantee that these cadets would complete their flight training and receive their ratings to become airline pilots in ten to twelve months, that they would fly a certain number of days per week, and the availability of American Airlines pilot mentors. The FAC's Fifth and Sixth Causes of Action would require the factfinder to determine whether any deviation from these purported guarantees constituted an unfair business practice and false advertising under Cal. Bus. & Prof. Code §§ 17200 and 17500. The FAC's Seventh and Eighth Causes of Action would require the factfinder to determine whether any deviation from these purported guarantees constituted deceptive practices toward consumers under Cal. Civil Code § 1750 and Tex. Bus.

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

- 14 -

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

& Com. Code § 17.41.  The FAC's Ninth Cause of Action would require the factfinder to determine whether any deviation from these purported guarantees constituted discrimination under California's Unruh Civil Rights Act simply because these cadets were members of a protected class.  Lastly, the Thirteenth and Fifteenth Causes of Action would require the factfinder to determine whether Coast was not only contractually bound to provide these purported guarantees but acted in bad faith and was unjustly enriched if it was unable to do so.

It is difficult to imagine a decision-making process that is more fundamentally aviation safety-related than pilot training.  Indeed, the FAC makes clear that the Plaintiffs' goal was to qualify as commercial airline pilots.  Coast's most basic duty was to proceed with their training in accordance with the pervasive scheme of Federal Aviation Regulations that governed Plaintiffs' training.  As noted above, the FAC does not allege that Coast violated any of these regulations.

The only reason Coast is even a defendant in this lawsuit is because it identified significant problems associated with Plaintiffs' performance during training, e.g., not progressing quickly enough through the program (FAC ¶ 419), check ride failures and irregularities (¶¶ 421, 436, 556), weather-related training delays (¶ 441), flight skill issues (¶¶ 460, 642), incomplete and unsatisfactory grades in training (¶ 493), scheduling delays in training and with American Airlines mentors (¶¶ 529, 530), errors on tests (¶¶ 622-623, 672) and similar issues.  All of these issues were safety-related notwithstanding the FAC's litany of excuses why they were not Plaintiffs' fault.  Coast's role in the AACA program was solely to produce pilots who would meet the requirements necessary to become certified and could safely operate aircraft.

To find against preemption would elevate Plaintiffs' state law claims as "little more than backdoor challenges to [Coast's] safety-related decisions." *Ventress*, at 722.  Dismissal of Plaintiffs' state law claims is mandatory because

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

they "intrude[d] upon the federally occupied field of pilot safety and qualifications that Congress has reserved for the agency and impermissibly subjects federal law to 'supplementation by, [and] variation among, state laws.'" *Id.* (quoting *Montalvo*, at 468).

For these reasons, each of plaintiffs' state law claims must be dismissed without leave to amend because they seek to supplement, vary, and enforce various state laws in a field that is entirely occupied by federal law.

**B.** **Promissory Fraud (Third Cause of Action) Fails: The Scienter Allegation Is a Legal Conclusion and the Factual Record Attributes the Key Representations to American, Not Coast.**

Promissory fraud requires, among other elements, (1) a false promise made without intent to perform and (2) scienter demonstrating the defendant knew at the time of the promise it would not or could not be performed. *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996); *Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 173 (2003). Because this is a species of fraud, Rule 9(b) applies. *Swartz*, 476 F.3d at 764. The California Supreme Court held definitively that "something more than nonperformance is required to prove the defendant's intent not to perform." *Tenzer v. Superscope, Inc.*, 39 Cal.3d 18, 30 (1985). Mere breach is legally insufficient. *Magpali v. Farmers Group, Inc.*, 47 Cal.App.4th 1024, 1029 (1996). "[P]laintiff must point to facts which show that defendant harbored an intention not to be bound by terms of the contract at formation." *Mat–Van, Inc. v. Sheldon Good & Co. Auctions, LLC,* No. 07–CV–912 IEGBLM, 2007 WL 2206946, *6 (S. D. Cal. July 27, 2007). Scienter requires specific contemporaneous facts, existing at the time of each promise to each specific Plaintiff, demonstrating that the promisor knew the promise could not be performed. *Tenzer*, 39 Cal.3d at 30–31.

/ / /

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

1.    **The Scienter Allegation Is a Legal Conclusion with No Supporting Facts.**

Plaintiffs allege four promises attributed to "Defendants" collectively: twelve-month completion with all ratings; fixed all-inclusive cost covered by a single loan; training five to six days per week; and assignment of an American Airlines pilot mentor. FAC ¶ 946. The scienter allegation is the conclusory statement: "Defendants did not intend to perform these promises at the time they made them and have not performed as promised." *See id.* at ¶ 947. It alleges no specific person at Coast who knew at the time of any enrollment that any promise was impossible. It identifies no document, meeting, or projection showing Coast had awareness at enrollment time that the program could not deliver. It alleges that promises were not kept, which is the definition of nonperformance, not scienter. *See Tenzer*, 39 Cal.3d at 30–31.

2.    **Plaintiffs Attribute the Most Direct Enrollment Representations to American.**

Looking past the Complaint's collective labels, the picture is clear. The alleged statements during the interview were made by an American employee. American's representatives made the alleged specific promise that drove Plaintiffs to accept admission into the academy, borrow money and relocate. *See, e.g.,* FAC ¶¶ 403-405, 429-430, 448-449, 578-579, 710-711, 811-812. None of these are Coast employees. Plaintiffs contend American's website was the primary advertising vehicle. *See id.* at ¶¶ 99-106.

Plaintiffs agree that Coast's documents affirmatively contradict fraudulent intent. The Program Guide, provided to every Plaintiff, used the word "*approximately*" for the twelve-month timeline, included a five-tiered remedial structure for cadets who fell behind, and stated that cadets in remediation "will still have a pathway to success." *See id.* at ¶¶ 128, 313-314 (emphasis added). The

- 17 -

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

website used "*estimated* 12 months" and "*expected* to be completed in 12 months." *See id.* at ¶ 126 (emphasis added). And the Brochure depicted in the Complaint expressly directed the program at "*motivated students,*" conditioning the promised pathway on the cadet's own effort. *See id.* at ¶ 109 (emphasis added). Coast was clear that the program was designed to be completed in 12 months, but it was up to the individual cadet to do so. *See Grant v. Chapman Univ.,* 118 Cal. App. 5th 453, 341 Cal. Rptr. 3d 563, 566–67 (2026) (aspirational statements such as "goal," express optimism, which is "the opposite of specific promises and entirely unlike the unequivocal assurances in *Kashmiri* that the relevant fee 'will remain the same' for existing students and any increase would 'apply to new students only.'"); *cf. Kashmiri v. Regents of University of California* (2007) 156 Cal. App. 4th 809, 816, 67 Cal.Rptr.3d 635.

The Welcome Email stated the loan "*can* cover all training and some or all of your cost of living." *Id.* at ¶ 150 (emphasis added). A statement about capacity cannot support a promissory fraud claim. Similarly, a website's "12 Month Training Program" is not an individualized promise to each Plaintiff that they personally would complete in twelve months regardless of performance.

California courts recognize that educational and structured training institutions occupy a distinct position in promise law. Because such institutions must retain flexibility to modify curricula and adjust program delivery, courts apply liability only to "specific promise[s]" an institution undertakes. "[G]eneral promises or expectations are unenforceable." *Grant v. Chapman Univ.*, 118 Cal.App.5th 453, 341 Cal.Rptr.3d 563, 565 (2026) (quoting *Kashmiri v. Regents of University of California*, 156 Cal.App.4th 809, 826 (2007)). Coast is a flight training institution whose cadets financed their enrollment through student loans. FAC ¶¶ 148-149. The relationship between Coast and its cadets, a structured curriculum, tiered remedial pathways, conditional progression, and aspirational timelines, is precisely

- 18 -

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

the kind of educational relationship to which this standard applies. A statement that does not rise to the level of a specific promise in this context cannot be a false promise. *Tenzer*, 39 Cal.3d at 30–31; *Lazar*, 12 Cal.4th at 638.

### 3.    Group Pleading of Scienter Fails Under Rule 9(b).

Rule 9(b) requires that each defendant's fraudulent conduct be alleged separately. *See Swartz*, 476 F.3d at 764–65. Yet, Plaintiffs plead a single collective scienter conclusion against entities with meaningfully different roles: American (recruiter, marketer, program administrator, mentorship program) and Coast (flight instructor). Collective scienter allegations directed at defendants who played different roles in an alleged scheme do not satisfy the particularity requirement. *Id.* Plaintiffs fail to allege what Coast, as distinguished from American, knew at the time each promise was made to each Plaintiff. Therefore, the promissory fraud claim as to Coast should be dismissed. *Tenzer*, 39 Cal.3d at 30–31; *Magpali*, 47 Cal.App.4th at 1029.

### C.    The Texas DTPA (Eighth Cause of Action) Fails Because Plaintiffs Do Not Allege Facts Against Coast.

The DTPA requires: (1) consumer status; (2) a prohibited act under § 17.46(b); and (3) that the act was a producing cause of damages. *See* Tex. Bus. & Com. Code § 17.50(a)(1). The statute's reach extends to conduct "wherever situated" that "directly or indirectly affect[s] the people of," Texas. *Id.* at § 17.45(6). All four theories sound in fraud and are subject to Rule 9(b). *See Frith v. Guardian Life Ins. Co.*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009). Rule 9(b) requires identification of the "who, what, when, where, and how" of the alleged misrepresentation. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008).

///

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

1.     **The California-Trained Plaintiffs Lack Standing to Bring a Texas Claim.**

Courts dismiss claims where the operative facts did not occur in Texas or Texas connections are insufficiently developed. *Cogan v. Triad American Energy*, 944 F. Supp. 1325, 1328 (S.D. Tex. 1996). The Texas nexus is absent as to Coast for eleven of the twenty Plaintiffs. Coast is a California corporation headquartered in San Diego. FAC. ¶ 37. Plaintiffs, Anderson, Clark, Fogel, Hernandez, Khan, Kumar, Little, McGowan, Page, Sanderson, and Thelus, enrolled and trained entirely at Coast's San Diego, California location. *See id.* at ¶ 49. There is no allegation that any of them received representations from Coast while in Texas, transacted with Coast in Texas, or that any aspect of their Coast enrollment touched Texas commerce. The DTPA simply does not reach this conduct. *Cogan*, 944 F. Supp. at 1328 ("every operative fact occurred outside of the state of Texas").

2.     **Texas-Trained Plaintiffs Fail to Plead Reliance as to Coast's Representations.**

For the nine Plaintiffs who trained at Coast's Texas locations, Chodkowski, Clark, Germain, Grannell, Johnson, Jones, Lusby, Mianda, and Ortega, the Complaint fails to plead detrimental reliance on Coast's representations. Reliance must be plead as to the specific defendant's conduct. *See Perez v. Hung Kien Luu*, 244 S.W.3d 444, 449 (Tex. App. 2007). The DTPA reliance allegation is a single collective sentence. FAC. ¶ 1017. No specific Coast representation is identified as the basis for the enrollment decision. Rather, Plaintiffs plead that they made their enrollment decision relying on "American's representations," prior to signing the AACA Acceptance Letter. *See id.* at ¶¶403-405, 429-430, 448-449, 578-579, 710-711, 811-812. It is only after they accepted their place in the academy, do they allege that they received Coast's Welcome Email or viewed its website. *See id.* at ¶¶ 406, 431, 505, 524, 605, 712, 762, 786.

- 20 -

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

When the Court examines the individual plaintiff narratives, the enrollment-level representations that induced each Texas Plaintiff to borrow money and relocate came predominantly from American. Plaintiffs have not identified the "who, what, when, where and how" of Coast's purported DTPA violation. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009); *Dorsey*, 540 F.3d at 339. A collective pleading that attributes actionable Texas conduct to all defendants without identifying what Coast specifically did in Texas commerce to each Texas Plaintiff fails to state a DTPA claim against Coast.

### 3.    Each DTPA Theory Fails Independently as to Coast.

a)    Coast provided qualifying language as to completion timeline.

The FAC alleges that Coast's website, Price Sheet, Brochure, and employee emails contend a "12 Month Training Program" and that students "will receive" all six ratings. More fundamentally, Plaintiffs acknowledge that Coast qualified stating, that the program may be completed in "*approximately* 12 months," "*estimated* 12 months" and "*expected* to be completed in 12 months," and the Brochure directed the program at "*motivated students*," conditioning the pathway on the cadet's own effort. *See* FAC. ¶¶ 109, 126, 128 (emphasis added). Critically, the representations that actually induced each Plaintiff to accept the offer to attend the program were the admission interviews conducted by American, not Coast. *See supra* Section III B (2). Further, Plaintiffs fail to sufficiently allege that Coast knew its statements were inaccurate at the time it made them. *See Fluorine On Call, Ltd. v. Fluorogas Ltd.,* 380 F.3d 849, 858 (5th Cir. 2004) (future performance fraud requires showing no intent to perform at time made*); Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 47 (Tex. 1998).

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

b)    Cost and Loan Coverage.

Plaintiffs fail to allege that Coast made guarantees about the cost of the program. The strongest allegations in relation to cost guarantee language, "You are responsible for one price . . . eliminates surprise costs," "designed to cover all expenses," "100% Cadet Academy tuition financing," all came from American's website, not Coast's. *See* FAC ¶ 144. Coast's Welcome Email used the conditional "*can* cover all training and some or all of your cost of living." *See id*. at ¶ 150 (emphasis added). "Can cover" is a statement about the loan's potential capacity, not a guarantee that costs will fall within the loan amount for every individual cadet. Further, the Coast Price Sheet clearly notes that the tuition is "per course," meaning if a cadet takes a course twice, they will pay twice for the course. *See id*. at ¶ 153. Qualified and conditional statements cannot constitute a representation that the transaction "will confer" the right to complete training within budget as required by § 17.46(b)(12).

c)    Representation about Flight Frequency.

The individual plaintiff narratives identify specific Coast emails stating "You will be flying 5-6 days a week" by sender, recipient, and date. *See* FAC. ¶¶ 582, 660, 689, 814, 867. However, the DTPA cause of action at ¶ 902(c) attributes this conduct to "Defendants" collectively and does not incorporate those specific emails as the prohibited acts. Plaintiffs do not allege that when these representations were made, there was no intent to fulfill them. *See Fluorine On Call, Ltd.*, 380 F.3d at 858; *Formosa Plastics Corp. USA,* 960 S.W.2d at 47. No such intent is alleged. Disappointment in the outcome does not establish that the representation was false when made. *See id.*

d)    Mentor Program.

Plaintiffs Complaint alleges that American made representations as to its mentor program. *See* FAC ¶¶ 185, 188, 197, 201. Coast's only alleged contributions

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

are a website listing and Faucher's single statement to Germain that he "would receive a mentor from American." *See id.* at ¶¶ 189, 506. A flight school that accurately described a feature controlled by and provided by a third party cannot be held liable under § 17.46(b)(12). Plaintiffs fail to plead with sufficient specificity that when these representations were made, Coast knew them to be false. *See Fluorine On Call, Ltd., 380 F.3d at 858; Formosa Plastics Corp. USA, 960 S.W.2d at 47.*

#### e) Sufficient Resources.

Plaintiffs fail to allege with sufficient specificity as to Coast that at the time that it made representations about its aircraft fleet, "NEW 2019 PIPER ARCHER FLEET," "dedicated instructors, proactive schedulers, and modern aircraft," "large fleet of state-of-the-art aircraft" that they were false. *See* FAC ¶¶ 208-211, 223. Plaintiffs fall back on group pleading rather than identifying which Coast resource representation was made to which Texas-nexus Plaintiff, on which date, that caused that Plaintiff to enroll. Plaintiffs fail to allege that when these statements were made by Coast, that it knew they were false. *See Fluorine On Call, Ltd.*, 380 F.3d at 858; *Formosa Plastics Corp. USA,* 960 S.W.2d at 47.

#### f) Omissions.

Plaintiffs allege an omission-based theory that requires them to allege (1) a failure to disclose information concerning goods or services, (2) which was known at the time of the transaction, (3) if such failure was intended to induce the consumer into a transaction, (4) which the consumer would not have entered had the information been disclosed." *See Gill v. Boyd Distribution Ctr.*, 64 S.W.3d 601, 604 (Tex. App. 2001). Plaintiffs fail to allege that Coast concealed facts or that Coast independently tracked completion rates or possessed any such data. The Program Guide's "approximately 12 months" language and five-tiered remedial structure undermine the claim that Coast concealed the possibility of delay. The

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

claim that Coast had "exclusive knowledge" of true program facts, is conclusory. *See id.* at ¶ 1013. Omission-based fraud claims require particularized contemporaneous facts showing the defendant possessed and concealed specific adverse knowledge at the time of each transaction. *Sheehan v. Adams*, 320 S.W.3d 890, 897 (2010) ("cannot be held liable under the DTPA for 'failing to disclose information [they] did not actually know.'"). It is insufficient to allege that Coast "should have known." *Id.* No such facts are pled as to Coast.

**D.      The Equal Credit Opportunity Act (Tenth Cause of Action) Fails Because Plaintiffs Have Failed to Sufficiently Plead that Coast is a Creditor.**

ECOA prohibits any "creditor" from discriminating against any "applicant" in any aspect of a credit transaction on the basis of race. 15 U.S.C. § 1691(a)(1). A "creditor" includes persons who "regularly extend" or "regularly arrange for" credit. *Id*. § 1691a(e). ECOA claims require allegations that (1) the plaintiff was a protected class member; (2) the plaintiff applied for credit from the defendant; and (3) the plaintiff was denied credit on the basis of the protected characteristic. *See Nia v. Bank of America, N.A.*, 603 F. Supp. 3d 894, 901–02 (S.D. Cal. 2022).

**1.      The Complaint Pleads Coast as a Creditor in a Single Conclusory Sentence.**

The ECOA creditor allegation as to Coast is five words of statutory language pasted onto Coast's name: that Coast "regularly arrange[d] for the extension, renewal, or continuation of credit" and "participated in the decision to extend, renew, or continue credit to each Plaintiff." *See* FAC ¶ 1040. Yet, the individual plaintiff narratives do not support Plaintiffs' conclusory statement. Every Plaintiff who used financing applied for and finalized that loan directly with third-party providers with no Coast involvement in those credit decisions. The only Coast-specific step is Plaintiffs signing a "funding disclosure." Plaintiffs do not allege that

- 24 -

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

the funding disclosure had any impact on whether they would obtain the loans or the terms. Rather, notwithstanding the FAC's *conclusory* allegations that track the language of the statute, Plaintiffs' *factual* allegations against Coast are simply that it engaged in various ministerial acts regarding how the funds were disbursed after the loans were finalized (e.g., the payment of student expenses "such as housing, food, equipment, supplies, and exam costs"). *See* FAC ¶¶ 1041-1044. Nowhere, is it alleged that the "funding disclosure" affected credit terms or access.

Plaintiffs do not allege that Coast reviewed any loan applications, communicated with any lenders about any borrower's creditworthiness, influenced their underwriting criteria, or participated in approving or denying any loan. Coast was a vendor that received loan proceeds as payment for training services. Coast has no right to defer any of Plaintiffs' debt obligations to any loan provider. *See* 15 U.S.C. § 1691a(d); *Ollie v. Waypoint Homes, Inc.*, 104 F. Supp. 3d 1012, 1014 (N.D. Cal. 2015). Receiving payment from loan proceeds is not a credit arrangement, and a tangential relationship to a credit transaction does not satisfy the statutory creditor requirement. *Riethman v. Berry*, 287 F.3d 274, 277 (3rd Cir. 2002) (citing *Shaumyan v. Sidetex Co.*, 900 F.2d 16, 18 (2d Cir. 1990) ("ECOA extends only to instances in which the right to defer payment on an obligation is granted. Absent a right to defer payment for a monetary debt, property or services, the ECOA is inapplicable."); *Ollie v. Waypoint Homes, Inc.,* 104 F. Supp. 3d 1012, 1014 (N.D. Cal. 2015) (similar). The Complaint also fails *Nia*'s second element that each Plaintiff applied for credit *from Coast* because every Plaintiff applied to a third-party loan provider directly, not to Coast. *See Nia*, 603 F. Supp. 3d at 901–02.

### 2. The Reverse-Redlining Campaign Is Attributed to American, Not Coast.

The ECOA claim relies on the reverse-redlining theory. *See* FAC, ¶ 1050. Even if cognizable, the theory requires the defendant to have used the *credit*

- 25 -

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

*transaction itself* as the vehicle for discrimination.  In other words, to state a claim under the ECOA, the plaintiff must allege facts that a defendant's credit-related decision was based on the plaintiff's protected status. *Egbukichi v. Wells Fargo Bank, N.A.*, 184 F.Supp.3d 971, 980-981 (D. Or. 2016).  The FAC does not allege any facts that Coast independently designed or conducted any race-targeted credit-related marketing campaign, operated any race-targeted credit-related advertising channel, or used financing terms to disadvantage minority borrowers. Furthermore, Coast's Welcome Email language about loan amounts does not constitute reverse redlining. *Rosal v. First Federal Bank of California*, 671 F.Supp.2d 1111 (N.D. Cal. 2009) (ECOA claim dismissed where plaintiff did not identify the manner in which defendant's conduct violated the statute).

Plaintiffs' factual allegations of discrimination against Coast are completely unrelated to the credit transactions.  Indeed, their allegations against Coast arise solely out of Plaintiffs' failure to successfully complete their pilot training.  As explained above, the pilot training provided by Coast is governed entirely by a pervasive body of Federal Aviation Regulations.  Nowhere in the FAC do Plaintiffs allege that Coast violated any of these FARs or that any of the regulations even pertained to the credit terms for would-be pilots enrolled in flight schools. Plaintiffs cannot succeed on an ECOA reverse-redlining claim simply because Coast's adherence to mandatory safety regulations resulted in the inability of these twenty Plaintiffs to succeed in their pilot training.

The ECOA claim against Coast should be dismissed.

**E.    The Claim for Breach of Quasi-Contract (Fourteenth Cause of Action) Fails Because Plaintiffs Have Alleged Breach of an Enforceable Contract.**

Plaintiffs allege that "in the event that it is determined there was no breach of contract," they assert this cause of action for unjust enrichment based on breach of

- 26 -

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

Leader Berkon Colao & Silverstein LLP
Attorneys at Law

quasi-contract.  However, under California law, "'an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter.'" *Saroya v. University of the Pacific*, 503 F.Supp.3d 986, 998 (N.D. Cal. 2020) *quoting Rutherford Holdings, LLC v. Plaza del Rey*, 223 Cal.App.4th 221, 231 (2014).

Although a plaintiff may plead breach of quasi-contract and breach of contract in the alternative, "a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid." *Id.* at 998-999.  Plaintiffs' Thirteenth Cause of Action against Coast alleges breach of contract.  Although Coast denies that it breached any such contracts, nowhere in the FAC do Plaintiffs plead facts suggesting that their contracts with Coast may be unenforceable or invalid.  *D2 Productions Inc. v. Universal Music Corp.*, 2:24-cv-10115, 2025 WL 1843115 *8 (June 20, 2025, C.D. Cal.) (Plaintiff may not assert quasi-contract claim under a theory of unjust enrichment if he does not "plead facts that no enforceable contract exists or that the contract does not cover the subject matter of the quasi-contract claims.")

## IV.   CONCLUSION

Plaintiffs' state law causes of action, and each of them, are barred because they are preempted by federal law. Specifically, federal law including the pervasive scheme of Federal Aviation Regulations under 14 C.F.R. Part 61 fully occupies the field of aviation safety.  Pilot training and the determination of whether an individual is qualified and suited for the role is inherent in aviation safety. Plaintiffs' claims would necessitate the factfinder's determination whether Coast fairly made those determinations based on state law standards.

In addition, the four specific causes of action noted above should be dismissed because the Third, Eighth and Tenth Causes of Action fail to plead

sufficient facts against Coast, and the Fifteenth Cause of Action fails to plead that no enforceable contract exists or that the contract does not cover the subject matter of the quasi-contract.

For the reasons stated above, Coast respectfully requests that the Court grant its motion in all respects.

Dated: :  May 21, 2026

LEADER BERKON COLAO
& SILVERSTEIN LLP

By: _____

Arthur Willner

**Attorneys For Defendant
Coast Flight Training And
Management, Inc.**

- 28 -

DEFENDANT COAST FLIGHT TRAINING AND MANAGEMENT, INC. MOTION TO DISMISS CERTAIN CAUSES OF ACTION OF THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM [FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(6)]