Michele Haydel Gehrke (SBN 215647)
Email: mgehrke@reedsmith.com
Brian Morris (SBN 281409)
Email: bmorris@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants AMERICAN AIRLINES, INC.;
AMERICAN AIRLINES GROUP INC.

[*Additional counsel listed on next page*]

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWENTY CADETS: KENDALL ANDERSON, CHRISTOPHER CHODKOWSKI, DE'ANDRE CLARK, ANDREW FOGEL, LUDGY GERMAIN, DISNEY-SEAN GRANNELL, JUAN HERNANDEZ, JAMAAL JOHNSON, KRYSTALL JONES, ADAM KHAN, ASHLEY KUMAR, FAITH LITTLE, HONNAH LUSBY, SAMIRA MCGOWAN, KETSIA MIANDA, THIAGO ORTEGA, IVANA PAGE, ANDREW PEARSON, TRISTON SANDERSON, and MATHIAS THELUS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC., AMERICAN AIRLINES GROUP INC., and COAST FLIGHT TRAINING AND MANAGEMENT, INC.,<br><br>Defendants. | Case No.:  3:25-CV-3609-BAS-MSB<br><br>[Assigned to the Hon. Cynthia A. Bashant]<br><br>**DEFENDANTS AMERICAN AIRLINES, INC. AND AMERICAN AIRLINES GROUP INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:       July 17, 2026<br>Ctrm:       12B<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** |

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

[*continued from previous page*]

Daniel Ahn (SBN 235023)
Email: dahn@reedsmith.com
REED SMITH LLP
650 Town Center Drive, Suite 1600
Costa Mesa, CA 92626
Telephone: +1 714 516 8700
Facsimile: +1 714 516 8699

Brian Noh (SBN 293564)
Email: bnoh@reedsmith.com
Victoria H. Shin (SBN 306347)
Email: vshin@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA  90071
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Shauna J. Wright (TX Bar No. 24052054 *pro hac vice*)
Email: Shauna.wright@kellyhart.com
Elizabeth C. Thomas (TX Bar No. 24100166 *pro hac vice*)
Email: Elizabeth.Thomas@kellyhart.com
Austin B. Laws (TX Bar No. 24120964 *pro hac vice*)
Email: Austin.Laws@kellyhart.com
Stephanie N. Garner (TX Bar No. 24142932 *pro hac vice*)
Email: Stephanie.Garner@kellyhart.com
KELLY HART & HALLMAN, LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (619) 821-3337
Facsimile: (817) 878-9860

3:25-CV-3609-BAS-MSB
AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on **July 17, 2026**, in the above-entitled court located at 333 West Broadway, San Diego, California 92101, American Airlines, Inc. ("**AA**") and American Airlines Group Inc. ("**AAG**") (collectively, "**AA Defendants**") will and hereby do move for an order dismissing with prejudice certain claims Kendall Anderson, Christopher Chodkowski, De'Andre Clark, Andrew Fogel, Ludgy Germain, Disney-Sean Grannell, Juan Hernandez, Jamaal Johnson, Krystall Jones, Adam Khan, Ashley Kumar, Faith Little, Honnah Lusby, Samira McGowan, Ketsia Mianda, Thiago Ortega, Ivana Page, Andrew Pearson, Triston Sanderson, and Mathias Thelus (collectively, "**Plaintiffs**") assert in the First Amended Complaint ("**FAC**") pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) as follows:

**American Airlines, Inc.**

- All claims asserted by Chodkowski, Germain, Grannell, Johnson, Jones, Lusby, Mianda, and Ortega (collectively, "**Non-California Plaintiffs**") pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

- The claims of Non-California Plaintiffs for violations of the California Unfair Competition Law (5th); violations of the California False Advertising Law (6th); and violations of the Consumer Legal Remedies Act (7th) because the statutes do not have extraterritorial application and are thus subject to dismissal pursuant to Rule 12(b)(6).

- The claims asserted by Anderson, Chodkowski, Clark, Fogel, Germain, Grannell, Hernandez, Johnson, Jones, Khan, Kumar, Little, Lusby, Mianda, Ortega, Page, Pearson, and Thelus (the "**Non-Texas Plaintiffs**") for violations of the Texas Deceptive Trade Practices-Consumer Protection Act (8th) pursuant to Rule 12(b)(6) because the statute does not have extraterritorial application.

- All claims asserted for violations of the Civil Rights Act of 1866 (11th) pursuant to Rule 12(b)(6) because the FAC lacks sufficient factual allegations to state a claim upon which relief can be granted.

– 1 –

3:25-CV-3609-BAS-MSB

- All claims asserted for violations of the Equal Credit Opportunity Act (10th) pursuant to Rule 12(b)(6) because the FAC lacks sufficient factual allegations to state a claim upon which relief can be granted.

- All claims for breach of quasi-contract (15th) pursuant to Rule 12(b)(6) because the FAC lacks sufficient factual allegations to state a claim upon which relief can be granted.

- All claims for breach of contract (14th) pursuant to Rule 12(b)(6) because the FAC lacks sufficient factual allegations to state a claim upon which relief can be granted.

**American Airlines Group Inc.**

- All claims asserted by the Non-California Plaintiffs pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

- All claims asserted by all Plaintiffs pursuant to Rule 12(b)(6) because the FAC lacks sufficient factual allegations to state a claim upon which relief can be granted.

- The claims of Non-California Plaintiffs for violations of the California Unfair Competition Law (5th); violations of the California False Advertising Law (6th); and violations of the Consumer Legal Remedies Act (7th) because the statutes do not have extraterritorial application and are thus subject to dismissal pursuant to Rule 12(b)(6).

- The claims asserted by Anderson, Chodkowski, Clark, Fogel, Germain, Grannell, Hernandez, Johnson, Jones, Khan, Kumar, Little, Lusby, Mianda, Ortega, Page, Pearson, and Thelus (the "**Non-Texas Plaintiffs**") for violations of the Texas Deceptive Trade Practices-Consumer Protection Act (8th) pursuant to Rule 12(b)(6) because the statute does not have extraterritorial application.

- All claims asserted for violations of the Civil Rights Act of 1866 (11th) pursuant to Rule 12(b)(6) because the FAC lacks sufficient factual allegations to state a claim upon which relief can be granted.

- All claims asserted for violations of the Equal Credit Opportunity Act (10th) pursuant to Rule 12(b)(6) because the FAC lacks sufficient factual allegations to state a claim upon which relief can be granted.

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

- All claims for breach of quasi-contract (15th) pursuant to Rule 12(b)(6) because the FAC lacks sufficient factual allegations to state a claim upon which relief can be granted.

- All claims for breach of contract (14th) pursuant to Rule 12(b)(6) because the FAC lacks sufficient factual allegations to state a claim upon which relief can be granted.

AA Defendants bring this motion following the conferences of counsel that took place on February 17 and 24 and May 13, 2026.

AA Defendants' motion is based on this notice; the supporting memorandum of points and authorities; the declarations of Matthew Dominy, Mitchell Goodman, Jessica Ast, Brian Kilian, and Keri Spurgin along with the attached exhibits; the pleadings and papers on file in this action; and such other argument or evidence that the Court deems appropriate.

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ....................................................................................1

II.    BACKGROUND ......................................................................................3

    A.   "American" Created the AACA to Help Flight Students Become Pilots. .3

    B.   Twenty Plaintiffs Joined the AACA From Around the Country—and the World. ....................................................................................................4

    C.   Plaintiffs Had Unique Training Experiences at AACA. ...........................6

III.   PROCEDURAL HISTORY ......................................................................6

    A.   Eighteen Plaintiffs Originally File Suit Against Defendants and AAFCU; AAFCU and AA Defendants Move to Transfer and Dismiss....................6

    B.   Plaintiffs Dismiss Their Claims Against AAFCU and Filed the FAC. .....6

IV.    LEGAL STANDARD ...............................................................................7

    A.   Federal Rule of Civil Procedure 12(b)(2).................................................7

    B.   Federal Rule of Civil Procedure 12(b)(6).................................................8

V.     ARGUMENT ............................................................................................8

    A.   The Court Lacks Personal Jurisdiction Over the Non-California Plaintiffs' Claims Against AA Defendants. .................................................8

        1.   The Court lacks general jurisdiction over AA Defendants. ..............9

        2.   The Court lacks specific jurisdiction over Non-California Plaintiffs' claims. .............................................................................................11

    B.   Collective Allegations Against AA and AAG Fail Under Rule 12(b)(6). ................................................................................................13

    C.   The California and Texas Statutes Do Not Apply Extraterritorially. ......14

        1.   Non-California Plaintiffs cannot bring claims under California statutes. ...........................................................................................14

        2.   Non-Texas Plaintiffs cannot bring DTPA claims.............................15

    D.   Plaintiffs Fail to State a Claim Under the Civil Rights Act. ...................16

    E.   Plaintiffs Fail to State ECOA Claims Against AA Defendants. ..............18

        1.   Plaintiffs fail to plausibly allege AA Defendants are "creditors." ...18

        2.   Plaintiffs fail to plead loans had grossly unfavorable terms. ...........20

        3.   Plaintiffs fail to plausibly allege intentional targeting or loans to others on more favorable terms. ......................................................20

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

F.    Plaintiffs Fail to State Breach of Quasi-Contract Claims. .......................21

G.    Plaintiffs Do Not Adequately Plead an Enforceable Contract Imposed the Obligations They Allege AA Defendants Breached. ...............................23

VI.    CONCLUSION ...............................................................................................25

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                 **Page(s)**

*Agher v. Envoy Air Inc.*,
  No. CV-18-6753-R, 2018 WL 6444888 (C.D. Cal. Oct. 12, 2018) ...................11

*Alaei v. GEICO*,
  No. 3:20-cv-00262-L-WVG, 2021 WL 1165067 ................................................25

*American Title Insurance Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir. 1988) ............................................................................17

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................8

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
  874 F.3d 1064 (9th Cir. 2017) ..........................................................................12

*Bass v. Hendrix*,
  931 F. Supp. 523 (S.D. Tex. July 11, 1996) ................................................15, 16

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................8

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ..........................................................................11

*Brodsky v. Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020)...............................................................21

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)...........................................................................................13

*Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*,
  No. CV 14-01480, 2014 WL 6603761 (C.D. Cal. July 28, 2014).....................17

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993) ............................................................................13

*Correll v. Amazon.com, Inc.*,
  No. 3:21-cv-01833-BTM-MDD, 2023 WL 6131080 (S.D. Cal. Sept. 19, 2023)
  ...........................................................................................................................16

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)..............................................................................................10

*Dalrada Fin. Corp. v. Bonar*,
    No. 24-cv-2166-WQH, 2025 WL 1994676 (S.D. Cal. July 15, 2025)................8

*Davenport v. Litton Loan Serv., LP*,
    725 F. Supp. 2d 862 (N.D. Cal. 2010).........................................................18, 20

*Davis v. Cranfield Aerospace Sols., Ltd.*,
    71 F.4th 1154 (9th Cir. 2023) ...............................................................................12

*Doe v. Geller*,
    533 F. Supp. 2d 996 (N.D. Cal. Feb. 4, 2008)....................................................13

*Domino's Pizza, Inc. v. McDonald*,
    546 U.S. 470 (2006).................................................................................................16

*Egbukichi v. Well Fargo Bank, N.A.*,
    184 F. Supp. 3d 971 (D. Or. 2016) .......................................................................18

*Etminan v. Alphatec Spine, Inc.*,
    No. 24-cv-00395-GPC-DEB, 2024 WL 3941832 (S.D. Cal. Aug. 23, 2024)....22

*Fast Access Specialty Therapeutics, LLC v. UnitedHealth Grp., Inc.*,
    532 F. Supp. 3d 956 (S.D. Cal. 2021)....................................................................22

*Graff v. City of Tehachapi*,
    No. 1:14-cv-00095-LJO, 2014 WL 931823 (E.D. Cal. March 10, 2014) ............8

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
    652 F. Supp. 2d 1039 (N.D. Cal. July 16, 2009) ...............................................20

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984)...................................................................................................9

*Hibu Inc. v. Lawrence*,
    No. SACV 13-0333-DOC (JPRx), 2013 WL 6190538 (C.D. Cal. Nov. 25, 2013) ........................................................................................................................24

*In re Bard IVC*,
    No. CV-16-02853-PHX-DGC, 2016 WL 6393596 (D. Ariz. Oct. 28, 2016) ....11

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..................................................................................9

*Interpipe Contracting, Inc. v. Becerra*,
  898 F.3d 879 (9th Cir. 2018) ...................................................................8

*Johnson v. Comm'n on Presidential Debates*,
  No. SACV-12-1600 FMO, 2014 WL 12597805 (C.D. Cal. Jan. 6, 2014).........12

*King v. Mks Instruments*,
  No. SACV 17-01572-CJC (JCGx), 2018 WL 11359168 (C.D. Cal. Jan. 19, 2018) ...............................................................................................24

*Kouball v. SeaWorld Parks & Entm't, Inc.*,
  No. 20-cv-870-CAB-BGS, 2020 WL 5408918 (S.D. Cal. Sep. 9, 2020) ..........22

*Krouse v. BAC Home Loans Servicing, LP*,
  No. 2:10-cv-03309-MCE-EFB, 2011 WL 2367093 (E.D. Cal. June 9, 2011)...25

*Martinez v. Aero Caribbean*,
  764 F.3d 1062 (9th Cir. 2014) ................................................................10

*Miron v. Herbalife Int'l, Inc.*,
  11 Fed. Appx. 927 (9th Cir. 2001)...........................................................24

*Moody v. Textron Inc.*,
  No. 2:25-CV-01032-MWC-E, 2025 WL 4085784 (C.D. Cal. Dec. 18, 2025) ....8

*N. Cty. Communs. Corp. v. Verizon Glob. Networks, Inc.*,
  685 F. Supp. 2d 1112 (S.D. Cal. 2010)....................................................25

*Nwanonyiri v. Sprouts Farmers Mkt., Inc.*,
  No. 25cv1018, 2026 WL 61488 (S.D. Cal. Jan. 7, 2026)...............................16

*Oman v. Delta Air Lines, Inc.*,
  889 F.3d 1075 (9th Cir. 2018) ................................................................15

*Park W. Galleries, Inc. v. Franks*,
  No. CV 12-3203-GHK (SHx), 2012 WL 12898001 (C.D. Cal. May 25, 2012)
  ..........................................................................................................10

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ..................................................................9

– v –    3:25-CV-3609-BAS-MSB

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

*Saroya v. Univ. of the Pac.*,
    503 F. Supp. 3d 986 (N.D. Cal. 2020)................................................................22

*Scheiman v. Edward Don & Co., LLC*,
    No. 26-cv-00220-TSH, 2026 WL 446258 (N.D. Cal. Feb. 17, 2026)................22

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) .....................................................................7, 8, 9

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ........................................................................8

*Strategic Execs. Agency v. Health*,
    No. CV 18-10459-AB (ADSx), 2020 WL 4354228 (C.D. Cal. May 29, 2020) 21

*Sunfarms, Ltd. Liab. Co. v. Eurus Energy Am. Inc.*,
    No. 3:18-cv-0058-L-AGS, 2019 WL 4736223 (S.D. Cal. Sep. 26, 2019).........24

*Sunpower Corp. v. Sunpower Cal., LLC*,
    No. 21-cv-375-CAB-MSB, 2021 WL 2781245 (S.D. Cal. July 2, 2021) ..........22

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)......................................................................................17

*United States v. Bestfoods*,
    524 U.S. 51 (1998)...................................................................................13, 14

*Vizcarra v. Michaels Stores, Inc.*,
    710 F. Supp. 3d 718 (N.D. Cal. 2024)..............................................................23

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F. Supp. 1134 (N.D. Cal. 2013)..................................................................15

*Woodworth v. Bank of Am., Nat. Ass'n*,
    No. 09-3058-CL, 2011 WL 1540358 (D. Or. Mar. 23, 2011)...........................20

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980)........................................................................................13

**State Cases**

*Coca-Cola Co. v. Harmar Bottling Co.*,
    218 S.W.3d 671 (Tex. 2006) ...................................................................15, 16

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

*Norwest Mortg., Inc. v. Superior Court*,
   72 Cal. App. 4th 214 (1999) ......................................................................15

**Federal Statutes**

15 U.S.C. § 1691, *et seq.* ...........................................................................18

42 U.S.C. § 1981 .................................................................................2, 16

**Federal Rules**

Fed. R. Civ. P. 12(b)(2)........................................................................1, 7, 8

Fed. R. Civ. P. 12(b)(6)........................................................................1, 8, 13

**State Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* .......................................................2

Cal. Bus. & Prof. Code § 17500, *et seq.* ...................................................2, 15

Cal. Civ. Code § 1750, *et seq.*.....................................................................2

Cal. Code of Civ. P. § 410.10 ......................................................................9

Tex. Bus. & Com. Code § 17.45(6)...............................................................15

Tex. Bus. & Com. Code § 17341, *et seq.* ................................................2, 7, 15

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

## I.   INTRODUCTION

This case involves claims by twenty Plaintiffs against Defendants American Airlines, Inc. (“**AA**”) and American Airlines Group Inc. (“**AAG**”) (together, “**AA Defendants**”), and Coast Flight Training and Management, Inc. (“**Coast**”), all of which arise out of Plaintiffs’ recruitment to and involvement in the American Airlines Cadet Academy (“**AACA**” or the “**Academy**”) in Texas and California between 2020 and 2025.

In this Motion, AA Defendants respectfully seek dismissal of certain claims in Plaintiffs’ First Amended Complaint (“**FAC**”) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

Pursuant to Federal Rule 12(b)(2), the Court should dismiss the claims asserted by eight Plaintiffs—*to wit*, Chodkowski, Germain, Grannell, Johnson, Jones, Lusby, Mianda, and Ortega (the “**Non-California Plaintiffs**”)—for lack of personal jurisdiction.  The Non-California Plaintiffs did not live in California at the time they were recruited to and applied for the Academy.  Nor did they attend one of Coast’s flight schools in California.  Instead, they resided in ***other*** states around the country at the time of their application and admission to the AACA, and all of them attended flight school in Texas—***not*** California.  Because the Non-California Plaintiffs have no connection to this forum and the Court does not otherwise have general jurisdiction over AA Defendants, the Court should dismiss the Non-California Plaintiffs’ claims.

Pursuant to Federal Rule 12(b)(6), the Court should dismiss Plaintiffs’ claims against AAG because Plaintiffs wrongly conflate AAG—a holding company—with its subsidiary (AA), referring to both “collectively” as “American.” Under longstanding Supreme Court precedent, Plaintiffs must plead facts showing that any alleged wrongful conduct can be traced to AAG specifically through its own personnel and management.  Because Plaintiffs fail to do so, the Court should dismiss all of their claims against AAG in full.

– 1 –                          3:25-CV-3609-BAS-MSB

AA DEFENDANTS’ NOTICE OF MOTION AND MOTION TO DISMISS

The Court should also dismiss certain Plaintiffs' claims arising under California and Texas statutes because the applicable laws preclude extraterritorial application of them.  Specifically, Non-California Plaintiffs assert claims under California Unfair Competition Law ("**UCL**"), Cal. Bus. & Prof. Code § 17200, *et seq.*; California False Advertising Law ("**FAL**"), Cal Bus. & Prof. Code § 17500, *et seq.*; and California Consumer Legal Remedies Act ("**CLRA**"), Cal. Civil Code § 1750, *et seq*. [FAC ¶¶ 965–1001].  However, there is a strong presumption against the application of California law to conduct occurring outside of the state.  Here, the Non-California Plaintiffs base their claims on events that took place in states ***other than*** California.  These claims should be dismissed.

The same reasoning supports dismissal of claims brought under the Texas Deceptive Trade Practices Act ("**DTPA**"), Tex. Bus. & Com. Code § 17341, *et seq*., by Plaintiffs Anderson, Chodkowski, Clark, Fogel, Germain, Grannell, Hernandez, Johnson, Jones, Khan, Kumar, Little, Lusby, Mianda, Ortega, Page, Pearson and Thelus (the "**Non-Texas Plaintiffs**"), none of whom was a resident or citizen of Texas during the relevant time period.  Like California, there is a presumption against extraterritorial application of Texas law beyond Texas's borders.  Further, the plain language of the DTPA limits application to conduct affecting its citizens.  Insofar as the Non-Texas Plaintiffs neither lived in nor were citizens of Texas at the time giving rise to their DTPA claims, the Court should dismiss them.

The Court should also dismiss all Plaintiffs' federal anti-discrimination claims.  To state a claim for relief under the Civil Rights Act of 1866 ("**Civil Rights Act**"), 42 U.S.C. § 1981, Plaintiffs must identify an impaired contractual right.  Here, the only contract that Plaintiffs identify with sufficient particularity between "American" (as pleaded) and themselves is the AACA Conditional Acceptance Letter (the "**Conditional Offer**"), pursuant to which AA (alone) was obligated to help Plaintiffs obtain admission to a flight school.  Even accepting Plaintiffs' allegations as true, AA (or "American") performed.

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

Likewise, the Court should dismiss Plaintiffs' claims under the Equal Credit Opportunity Act ("**ECOA**"), 15 U.S.C. § 1691 *et seq*. Under the law, Plaintiffs must plausibly allege that AA and AAG are "creditors," the loans they received were on grossly unfavorable terms, and AA Defendants targeted them or provided loans on more favorable terms to other borrowers. Plaintiffs fail to plausibly allege each of these elements—the absence of any one of which is fatal to their claims.

The Court should also dismiss Plaintiffs' quasi-contract and breach of contract claims. A quasi-contract claim applies when the parties do not have a formal contractual arrangement. Accordingly, courts routinely dismiss quasi-contract claims when plaintiffs assert them alongside allegations of a formal contract—as Plaintiffs do here. Furthermore, the FAC lacks sufficient factual allegations of the essential elements of Plaintiffs' quasi-contract and breach of contract claims. With respect to the former, Plaintiffs fail to allege facts that their unsuccessful attempt to complete flight training conferred a benefit on AA Defendants that they unjustly retained. With respect to the latter, Plaintiffs have not sufficiently identified the nature and terms of the unspecified written and oral representations to which their breach of contract claims relates; nor have they provided any details regarding the circumstances of these agreements' creation. The only purported written contract Plaintiffs explicitly reference (the Conditional Offer) imposes none of the obligations that AA Defendants purportedly failed to satisfy.

## II.    BACKGROUND[1]

**A.    "American" Created the AACA to Help Flight Students Become Pilots.**

1.    The AACA is a program that "American"[2] created to help flight

---

[1] AA Defendants deny the allegations in the FAC. For purposes of this Motion only, the allegations for the Court to consider are set forth herein.

[2] Plaintiffs collectively define "American" to include AA and AAG. [FAC 3]. AA Defendants utilize the same term herein to avoid confusion with the pleading, though they disagree that referring to them collectively is accurate or proper.

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

students (referred to as "cadets") train to become pilots. "American" partnered with flight schools like Coast to provide flight training at Coast locations, including in California and Texas. [FAC ¶¶ 1, 3].

2.     Through their websites and other materials, "American" and Coast promoted the AACA as a structured program designed to provide cadets with the opportunity to obtain pilot ratings and career opportunities following the completion of the AACA at Coast. [FAC ¶¶ 79–81, 85].

3.     "American" recruited, interviewed, and selected cadets for the program, while Coast provided the actual flight instruction and day-to-day training for the students who trained at their schools. [FAC ¶ 61].

4.     Several third-party lenders offered financing options for students to attend the AACA. [FAC ¶¶ 65–68]. Among the participating lenders was the American Airlines Federal Credit Union ("**AAFCU**"). [*Id*. ¶ 68]. Nine Plaintiffs—Chodkowski, Clark, Germain, Johnson, Jones, Khan, Mianda, Ortega, and Pearson—obtained loans from AAFCU to attend the AACA. [*Id*. ¶¶ 432, 452, 507, 586, 637, 765, 787, 845]. "American" advertised the availability of financing to attend the AACA through the third-party providers. [*Id*. ¶¶ 65–69].

**B.     Twenty Plaintiffs Joined the AACA From Around the Country—and the World.**

5.     All twenty Plaintiffs in this case applied for and were accepted into the AACA. [FAC ¶¶ 17–36].

6.     Not all of the Plaintiffs resided in California (or even the United States) at the time of their applications; nor did they all attend a Coast flight school in California, as shown in the chart below: [3] [4]

---

[3] Attached hereto as Exhibit A is a chart of Plaintiffs' respective pre-AACA residences, AACA training locations, and current states of residence. [App. 2–3]

[4] "App." refers to the Appendix of Exhibits in Support of Defendant American Airlines, Inc. and American Airlines Group Inc.'s Motion to Dismiss.

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

| Plaintiff | Pre-AACA Residence | Coast Training Location |
|---|---|---|
| Kendall Anderson | San Diego, CA | San Diego, CA |
| Christopher Chodkowski | Battlefield, MO | San Marcos, TX |
| De'Andre Clark | Hayward, CA | Dallas, TX |
| Andrew Fogel | Israel | San Diego, CA |
| Ludgy Germain | Port St. Lucie, FL | San Marcos, TX |
| Disney-Sean Grannell | Philadelphia, PA | Dallas, TX |
| Juan Hernandez | Moreno Valley, CA | San Diego, CA |
| Jamaal Johnson | Chicago, IL | Dallas, TX |
| Krystall Jones | Columbia, SC | San Marcos, TX |
| Adam Khan | New York, NY | San Diego, CA |
| Ashley Kumar | Marion, OH | San Diego, CA |
| Faith Little | Chicago, IL | San Diego, CA |
| Honnah Lusby | Davidsonville, MD | San Marcos, TX |
| Samira McGowan | Dallas, TX | San Diego, CA |
| Ketsia Mianda | Charlotte, NC | San Marcos, TX |
| Thiago Ortega | Philadelphia, PA | San Marcos, TX |
| Ivana Page | Viera, FL | San Diego, CA |
| Andrew Pearson | Westminster, CA | San Diego, CA |
| Triston Sanderson | Dallas, TX | San Diego, CA |
| Mathias Thelus | Portland, OR | San Diego, CA |

7.      As shown *supra* eight Plaintiffs (highlighted in yellow)—Chodkowski, Germain, Grannell, Johnson, Jones, Lusby, Mianda, and Ortega (the "**Non-California Plaintiffs**")—(i) resided outside of California at the time they applied for the AACA; and (ii) trained at one of Coast's Texas locations. [FAC ¶¶ 428, 432, 502, 507, 521, 525, 577, 586, 601, 607, 709, 714, 757, 765, 782, 787].

8.      The eighteen Non-Texas Plaintiffs—i.e., all but McGowan and

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

Sanderson—resided outside of Texas at the time they applied for the AACA. [FAC ¶¶ 428, 432, 502, 507, 521, 525, 577, 586, 601, 607, 709, 714, 757, 765, 782, 787].

**C.    Plaintiffs Had Unique Training Experiences at AACA.**

9.    Between 2020 and 2025, Plaintiffs trained with different flight instructors; communicated with different AAFCU, Coast, and "American" personnel; performed differently in the Academy; and received different scores from one another. [FAC ¶¶ 17–36; *compare id*. ¶¶ 475–501 *with* ¶¶ 577–600].

10.    Ultimately, each Plaintiff either voluntarily withdrew or was removed from the Academy for individual reasons pertaining to his or her own circumstances. [*Compare id*. ¶¶ 432–438, 507–516, 525–538, 653, 724–725, 751–752, 775–777, 802, 833–835, 860–861, 890–893, 912–913, *with* 470, 498, 570–572, 595–597, 607–628, 706].

## III.    PROCEDURAL HISTORY

**A.    Eighteen Plaintiffs Originally File Suit Against Defendants and AAFCU; AAFCU and AA Defendants Move to Transfer and Dismiss.**

1.    On December 16, 2025, eighteen Plaintiffs filed their Complaint against Coast, AA Defendants, and AAFCU. Together Plaintiffs asserted twelve causes of action against AA Defendants and AAFCU purporting to arise under Texas statutory and common law, California statutory and common law, and federal law. [Orig. Compl. ¶¶ 812–991].

2.    On March 18, 2026, AA, AAG, and AAFCU jointly moved to transfer the case or, in the alternative, sever certain Plaintiffs' claims and transfer them to NDTX-FW. [ECF No. 53].

3.    Also on March 18, 2026, AA, AAG, and AAFCU jointly moved to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). [ECF No. 54].

**B.    Plaintiffs Dismiss Their Claims Against AAFCU and File the FAC.**

4.    On April 7, 2026, and in response to the Original Motion to Transfer,

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

Plaintiffs dismissed their claims against AAFCU without prejudice. [ECF No. 55].

5.      On April 21, 2026, Plaintiffs filed the FAC (ECF No. 62), which added two new plaintiffs (Hernandez and Pearson) and omitted AAFCU as a defendant. Inter alia, Plaintiffs also revised their breach of contract claims against AA Defendants and added a claim for breach of quasi-contract.

6.      At bottom, Plaintiffs assert that the AACA did not match what was represented to them in advertisements and pre-enrollment communications with "American" and Coast personnel. [FAC ¶ 8]. They complain that substantial delays, inconsistent scheduling, and aircraft and instructor availability interfered with regular flight training at Coast. Plaintiffs allege that these delays prevented them from completing training on the expected timelines and increased the overall cost of the AACA. [*Id.*].

7.      Plaintiffs further allege they were treated less favorably than other cadets during their time at Coast. These conditions allegedly led to slower progress and worse outcomes for Plaintiffs as compared to white cadets. [FAC ¶¶ 13–15].

8.      Plaintiffs now assert claims against AA Defendants for violations of the California UCL, FAL, CLRA, and Unruh Act; the Texas DTPA; the Civil Rights Act; ECOA; and common-law claims for fraud, fraudulent concealment, fraudulent inducement, negligent misrepresentation, breach of contract, and breach of quasi-contract. [FAC ¶¶ 920–1092].

9.      In this Motion, AA and AAG seek dismissal of Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).

## IV.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(2)

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing the Court's personal jurisdiction over the claims against the defendants. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In deciding the motion, the Court may consider evidence submitted by affidavit.

*Dalrada Fin. Corp. v. Bonar*, No. 24-cv-2166-WQH, 2025 WL 1994676, *7 (S.D. Cal. July 15, 2025). Where a motion under Rule 12(b)(2) is decided based on the pleadings and affidavits rather than an evidentiary hearing, the Court asks only whether the plaintiff's pleadings make a prima facie showing of personal jurisdiction. *Fred Martin Motor*, 374 F.3d at 800. In conducting that analysis, the Court must accept the plaintiff's uncontroverted allegations as true and resolve factual conflicts in the affidavits in the plaintiff's favor. *Id*.

## B.    Federal Rule of Civil Procedure 12(b)(6)

To sufficiently state a claim, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 561–62 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Court must "accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886–87 (9th Cir. 2018). The court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (internal citations omitted). "A court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Graff v. City of Tehachapi*, No. 1:14-cv-00095-LJO, 2014 WL 931823, *3 (E.D. Cal. March 10, 2014) (internal quotations omitted).

## V.    ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over the Non-California Plaintiffs' Claims Against AA Defendants.

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction." *Moody v. Textron Inc.,* No. 2:25-CV-01032-MWC-E, 2025 WL 4085784, *2 (C.D. Cal. Dec. 18, 2025). "Where, as here, there is no applicable federal statute governing personal

– 8 –                    3:25-CV-3609-BAS-MSB

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

jurisdiction, the district court applies the law of the state in which the district court sits." *Fred Martin Motor Co.*, 374 F.3d at 800.

California's long-arm statute—California Code of Civil Procedure § 410.10—is coextensive with limits of federal due process requirements, such that the state-law and federal jurisdictional analyses are the same. *Fred Martin Motor Co.*, 374 F.3d at 800–01. Due process permits the exercise of personal jurisdiction over nonresident defendants only where the defendant has certain minimum contacts with the forum state "such that the maintenance of suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Personal jurisdiction can be in the form of general or specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). General jurisdiction permits a court to adjudicate a claim against a defendant, regardless of whether the claim has any connection to the defendant's contacts with the forum state. *See Fred Martin Motor Co.*, 374 F.3d at 801. Specific jurisdiction, by contrast, exists only where the lawsuit "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n.8. Significantly, courts must analyze personal jurisdiction on a claim-by-claim basis. If a "plaintiff relies on specific jurisdiction, he must establish that jurisdiction is proper for each claim asserted against a defendant." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (internal quotations omitted).

This Court lacks general jurisdiction over AA Defendants and lacks specific jurisdiction over the Non-California Plaintiffs' claims, as such Plaintiffs were not citizens of California when they applied for the AACA and they attended the AACA outside of California.

**1.      The Court lacks general jurisdiction over AA Defendants.**

General jurisdiction exists only where the defendant's ties to the forum are "so continuous and systematic as to render [the defendant] essentially at home"

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

there.  *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014) (internal quotations omitted).  When a corporate defendant is neither incorporated in California nor maintains its principal place of business in California, a finding that the corporate defendant is subject to general jurisdiction in California is appropriate ***only*** if the defendant's operations in California are so substantial to render a defendant at home in the state.  *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).  Not surprisingly, "establishing general jurisdiction is a high bar . . . as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."  *Park W. Galleries, Inc. v. Franks*, No. CV 12-3203-GHK (SHx), 2012 WL 12898001, *2 (C.D. Cal. May 25, 2012) (internal quotations omitted).

Plaintiffs make no allegations that would subject AA Defendants to general jurisdiction or justify classifying them as being "at home" in California.  Plaintiffs merely assert that AA "maintains numerous offices in and conducts business throughout California, including within the Southern District of California" [FAC ¶ 38]; and that AAG "conducts business through California, including within the Southern District of California" [*id*. ¶ 39].  But conducting business in a state, even if substantial, does not subject a defendant to jurisdiction there for all purposes.  *See Daimler*, 571 U.S. at 761–62 (holding no general jurisdiction over entity neither incorporated nor having its principal place of business in California, even when the corporation had multiple California-based facilities and attributed 10% of its sales in the United States to California).  Even if it did, neither AA Defendant does, in fact, conduct substantial business here.

As an initial matter, AA Defendants' corporate headquarters are located in Fort Worth, Texas.  [FAC ¶¶ 38–36; Exs. B & D (App. 7, 16)].  AAG is a holding company that has no employees and conducts no business.  [Ex. B ¶ 3 (App. 7)].  While AA operates throughout the United States, the majority of its operations are outside of California, which contributes ***less than 7%*** of its revenue.  [Ex. C ¶¶ 6-7

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

(App. 11–12)]; *see also Agher v. Envoy Air Inc.*, No. CV-18-6753-R, 2018 WL 6444888, *2 (C.D. Cal. Oct. 12, 2018) (AA not subject to general jurisdiction in California).  And for the year ending February 28, 2026, only ~5% of AA's flights involved departures or arrivals in California; whereas the number of flights involving Texas arrivals or departures was nearly *four times greater*.  [Ex. C ¶¶ 6-7 (App. 11–12)].

Given this total lack of connection to California, AA Defendants are not subject to general jurisdiction here.

### 2.    The Court lacks specific jurisdiction over Non-California Plaintiffs' claims.

Because the Court lacks general jurisdiction over AA Defendants, the Non-California Plaintiffs must establish that the Court has personal jurisdiction for each of the claims they bring against them.  They fail to do so.

"Specific personal jurisdiction grants a court personal jurisdiction over a specific claim asserted against a defendant." *In re Bard IVC*, No. CV-16-02853-PHX-DGC, 2016 WL 6393596, *4 (D. Ariz. Oct. 28, 2016).  "It exists when the defendant has purposefully availed itself of the privilege of conducting business in the forum State, and the plaintiff's injuries arise out of the defendant's forum-related activities." *Id*. (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Thus, a defendant is subject to specific personal jurisdiction in the forum state if: (1) the non-resident defendant purposefully directs its activities or consummates some transaction with the forum or resident thereof; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of personal jurisdiction is reasonable.  *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). The plaintiff bears the burden on the first two prongs, and even if the plaintiff discharges such burden, the Court will lack jurisdiction if the defendant shows that exercising it would be unreasonable.  *See id*.

Plaintiffs assert the Court has personal jurisdiction over AA Defendants

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

because they "purposefully availed [themselves] of the privileges of conducting business in California in connection with the AACA . . . by advertising and providing flight training to AACA cadets . . . in San Diego, California" and because the alleged wrongful conduct "occurred at . . . Coast's facilities in San Diego, California." [FAC ¶ 47]. Plaintiffs further contend that American "promoted and offered flight training in San Diego, California to residents of all states, including to all Plaintiffs." [*Id.* ¶ 48]. But Plaintiffs fail to provide factual allegations showing any alleged wrongful conduct related to the Non-California Plaintiffs occurred at, or arose out of, any purported conduct directed to California.

Plaintiffs concede the Non-California Plaintiffs did not reside in California and were not citizens of California at the time they supposedly communicated with AA Defendants or participated in the AACA. [FAC ¶¶ 17–36]. They also admit Non-California Plaintiffs did not attend the AACA in California. [*Id.*]. Thus, the events giving rise to all of their claims against AA Defendants did not arise out of the companies' respective contacts with this state. *Cf. Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023) (to establish specific jurisdiction "the plaintiff's claims must arise out of or relate to the defendant's contacts with the forum.") (internal quotation omitted); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017).

Moreover, exercising specific jurisdiction over AA Defendants as to the Non-California Plaintiffs' claims would be unreasonable given the lack of connection between their claims and California. *See Johnson v. Comm'n on Presidential Debates*, No. SACV-12-1600 FMO, 2014 WL 12597805, *11 (C.D. Cal. Jan. 6, 2014) ("the weaker the showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction") (internal quotation omitted). In determining reasonableness, courts often look to the following factors: (1) "the burden on the defendant," (2) "the forum State's interest in adjudicating the dispute," (3) "the plaintiff's interest in obtaining

convenient and effective relief," (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and (5) the "shared interest of the several States in furthering fundamental substantive social policies." *Burger King Corp.*, 471 U.S. at 477 (internal quotation omitted).

Defending against the Non-California Plaintiffs' claims in California would place a significant burden on AA Defendants. Each of the Non-California Plaintiffs attended the AACA in Texas. [*See* FAC ¶¶ 17–36]. As such, the likely witnesses relevant to their claims will be located in Texas. [Exs. D & F (App. 18–21, 110)]. Relevant documentary evidence will be located at AA's headquarters in Fort Worth, Texas. [Ex. D (App. 22)]. For these reasons, the factor related to the "interest of obtaining the most efficient resolution" also weighs in favor of dismissal. *See Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993) ("In evaluating this factor, we have looked primarily at where the witnesses and the evidence are likely to be located.").

The second and fifth factors weigh heavily against asserting jurisdiction over AA Defendants. California has very little interest in adjudicating the Non-California Plaintiffs' disputes because their claims have no connection to California. *See Doe v. Geller*, 533 F. Supp. 2d 996, 1008 (N.D. Cal. Feb. 4, 2008). Exercising personal jurisdiction over AA Defendants—out-of-state defendants—for claims bearing no connection to California would undermine a party's "minimum assurance as to where the conduct will and will not render them liable to suit." *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). As such, the Court should dismiss the Non-California Plaintiffs' claims against AA Defendants in full.

**B.      Collective Allegations Against AA and AAG Fail Under Rule 12(b)(6).**

Throughout their pleading, Plaintiffs improperly refer to AA and AAG collectively as "American." However, it is a bedrock principle of corporate law "deeply ingrained in our economic and legal systems" that a parent company "is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61

– 13 –                    3:25-CV-3609-BAS-MSB

(1998).  Accordingly, a plaintiff must allege facts showing "the alleged wrong can seemingly be traced to the parent through the conduit of its own personnel and management" and that "the parent is directly a participant in the wrong complained of." *Id.* at 64.

Here, Plaintiffs acknowledge the legal distinction between AAG and AA as parent and subsidiary, but nevertheless conflate the two in ***all*** of their allegations. [*Compare* FAC ¶¶ 38–39 *with id.* 3].  Plaintiffs use "American" and "Defendants" interchangeably when referring to AAG, but nowhere plead conduct specific to AAG.  Instead, Plaintiffs assert AA and AAG "jointly operate and do business as American Airlines" and "jointly administered the AACA[.]"  [FAC ¶ 40].  But Plaintiffs fail to allege facts showing any alleged wrongful conduct attributable to AAG.  For example, nowhere do Plaintiffs identify any AAG officer, employee, or management decision that contributed to the alleged wrongful conduct—though that is what the law requires to impose liability on a parent company.  *Bestfoods*, 524 U.S. at 64.  In fact, Plaintiffs confine each Defendant's liability only to the acts of its own employees and contractors.  [FAC ¶ 43 ("Employees and independent contractors of each Defendant are agents of that Defendant. . . . Defendants . . . are liable for the acts and omissions of their employees and/or agents.")].  Because the FAC is devoid of any plausible facts specific to AAG, the Court should dismiss all claims against it.

**C.    The California and Texas Statutes Do Not Apply Extraterritorially.**

**1.    Non-California Plaintiffs may not bring claims under California statutes.**

Plaintiffs assert claims under the California's UCL, FAL, and CLRA statutes.[5] [*See* FAC ¶¶ 965–1001].  But under California law, there is a strong presumption against application of California statutes "beyond the boundaries of the state."  *See*

---

[5] Only Plaintiffs who trained in San Diego assert claims under the Unruh Act.  [FAC ¶¶ 1029–1037].

*Norwest Mortg., Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222 (1999).  In other words, "if the liability-creating conduct occurs outside of California, California law generally should not govern that conduct."  *Oman v. Delta Air Lines, Inc.*, 889 F.3d 1075, 1079 (9th Cir. 2018).  Relevant here, courts in the Ninth Circuit have found the presumption against extraterritoriality applies to UCL, FAL, and CLRA claims.  *See, e.g.*, *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 1134, 1147–48 (N.D. Cal. 2013) (UCL, FLA, and CLRA claims by non-California residents are not supported "where none of the alleged misconduct or injuries occurred in California").

As detailed *supra*, Non-California Plaintiffs did not reside in California or train at Coast's California school when AA and AAG allegedly engaged in any misleading, fraudulent, or discriminatory conduct towards them.  Instead, the Non-California Plaintiffs were living in **other** states and trained in Texas.  Thus, any allegedly misleading, fraudulent, or discriminatory conduct by AA or AAG towards the Non-California Plaintiffs necessarily did not occur here.  Precedent forecloses the application of the California statutes against AA and AAG by these Plaintiffs.

**2.    Non-Texas Plaintiffs cannot bring DTPA claims.**

Similar to California, Texas follows a strong presumption **against** extraterritorial application of its statutes.  As the Texas Supreme Court has explained, where the Legislature has not clearly expressed an intent for a statute to operate beyond Texas, courts presume it does not. *Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 682–83 (Tex. 2006).  The DTPA, in particular, is designed to protect Texas consumers and specifically limits its application to conduct "directly or indirectly affect[ing] the people of [that] state." Tex. Bus. & Com. Code § 17.45(6); *Bass v. Hendrix*, 931 F. Supp. 523, 531 (S.D. Tex. July 11, 1996).  Stated otherwise, the DTPA may only reach beyond Texas when the plaintiff is a Texas consumer or the challenged conduct affects the people of Texas.  *Id*.

Here, Plaintiffs allege "American" violated the DTPA through alleged advertisements and communications during the recruitment and application stages

– 15 –                3:25-CV-3609-BAS-MSB

of the AACA.  [*See* FAC ¶¶ 1008–1012].  But only two Plaintiffs (McGowan and Sanderson) resided in Texas at that time.  [*Id.* ¶¶ 17–36].  The remaining eighteen Plaintiffs were residents of *other* states.  [*Id.*].  Texas law clearly forecloses applying the DTPA under these circumstances.  *Hendrix*, 931 F. Supp. at 531–32; *Coca-Cola*, 218 S.W.3d at 682–83.  The Court should dismiss the Non-Texas Plaintiffs' DTPA claims against AA and AAG accordingly.

**D.    Plaintiffs Fail to State a Claim Under the Civil Rights Act.**

Plaintiffs assert claims for violating Section 1981 of the Civil Rights Act. [FAC ¶¶ 1054–1060].  However, Plaintiffs' vague reference to a contractual relationship with AA Defendants falls short of stating a claim under the Act, particularly when the only specific agreement they allege indicates "American" *performed* thereunder.

To state a claim under the Civil Rights Act, a plaintiff must show that (1) she is a member of a racial minority; (2) the defendant discriminated against her on the basis of her race; and (3) the discrimination implicated one or more of the activities listed in the statute, including the right to make and enforce contracts.  *Correll v. Amazon.com, Inc.*, No. 3:21-cv-01833-BTM-MDD, 2023 WL 6131080, *3–4 (S.D. Cal. Sept. 19, 2023).  The Civil Rights Act is not a free-standing prohibition on unfair treatment in a commercial setting.  Courts require plaintiffs to identify impaired contractual relations under which the plaintiff has rights to state a claim. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006).  Plaintiffs may not maintain an action if there is no impaired contractual right.  *Nwanonyiri v. Sprouts Farmers Mkt., Inc.*, No. 25cv1018, 2026 WL 61488, *4 (S.D. Cal. Jan. 7, 2026).

Here, Plaintiffs allege their contractual relationship with "American" comprised "writings (including but not limited to the offer letter . . . , emails and other written communications, oral statements, mutual understandings, and courses of action and dealings."  [FAC ¶¶ 1057, 1079].  Plaintiffs attach a copy of the Conditional Offer letter they reference.  Consistent with the "incorporation by

– 16 –                    3:25-CV-3609-BAS-MSB

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

reference doctrine," AA and AAG attach all of Plaintiffs'[6] Conditional Offers hereto as Exhibits D-1 through D-19 and request that the Court consider them here.[7]

Plaintiffs include only threadbare allegations in support of their specific claim of discrimination. [FAC ¶¶ 1057–1058]; *cf. Iqbal*, 556 U.S. at 663. However, reading all of Plaintiffs' allegations together, "American" discriminated against Plaintiffs in the performance of the Conditional Offers *plus* unspecified "writings," "oral statements, mutual understandings, and courses of action and dealings." [FAC ¶¶ 1057–1058, 1079]. Excepting the Conditional Offers, Plaintiffs fail to allege sufficient detail to support the inference any other contracts exist, let alone are valid and enforceable. [*See infra* F]; *see also Domino's Pizza*, 546 U.S. at 470 (plaintiff cannot state § 1981 claim unless he has rights under existing contract). Furthermore, under the terms of the Conditional Offers, "American Airlines Inc." (i.e., AA *alone*) only agreed to "assist [Plaintiffs] in obtaining admission at one of the flight schools participating in the Cadet Academy Program[.]" [Ex. D-1 (App. 27–29); *see also* Exs. D-2–D-19]. It is clear from the FAC—which refers to Plaintiffs' experiences

---

[6] AA Defendants attach hereto signed copies of the Conditional Offers for all Plaintiffs except Page and McGowan. AA Defendants attach an unsigned copy of the letter for Page, as AA has not located a signed copy, though AA has records confirming her involvement in the AACA. [Ex. D ¶ 31 (App. 24)]. AA has not located a copy of McGowan's Conditional Offer, though AA has records confirming her involvement in the AACA. [*Id.* ¶ 35 (App. 25)]. Nevertheless, the arguments apply to them as they judicially admit the existence of these contracts with "American." [FAC ¶¶ 732, 812]. *American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

[7] "[T]he incorporation by reference doctrine permits a district court to consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings." *Care First Surgical Ctr. v. ILWU-PMA Welfare Plan*, No. CV 14-01480, 2014 WL 6603761, *4 (C.D. Cal. July 28, 2014). The Court may consider documents attached to a motion to dismiss when a claim depends on the contents of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

at Coast's flight schools—that AA performed under the Conditional Offers by assisting Plaintiffs in obtaining admission with Coast. Thus, Plaintiffs fail to plausibly allege any contractual right that AA or AAG impaired in violation of the Civil Rights Act. The Court should dismiss the claim accordingly.

**E.    Plaintiffs Fail to State ECOA Claims Against AA Defendants.**

The ECOA prohibits a "creditor" from discriminating "with respect to any aspect of a credit transaction . . . on the basis of race." 15 U.S.C. § 1691(a). At the pleading stage, courts require facts that plausibly suggest the challenged credit decision occurred based on an applicant's protected status. *Egbukichi v. Well Fargo Bank, N.A.*, 184 F. Supp. 3d 971, 980–81 (D. Or. 2016). Where, as here, a plaintiff attempts to plead an ECOA discriminatory lending claim under a "reverse redlining" theory,[8] courts require specific factual allegations that the plaintiff: (1) is a member of a protected class; (2) applied for and received a loan; (3) the loan received had grossly unfavorable terms; and (4) the lender either intentionally targeted the plaintiff for unfair loans or currently makes loans on more favorable terms to others. *Davenport v. Litton Loan Serv., LP*, 725 F. Supp. 2d 862, 876 (N.D. Cal. 2010).

Here, Plaintiffs fail to plead any facts showing that AA Defendants were "creditors" within the meaning of the statute; that the loans Plaintiffs received from third-party lenders had grossly unfavorable terms; that AA Defendants intentionally targeted them for unfair loans; or that AA Defendants gave loans on more favorable terms to others. Each of these is fatal to their ECOA claims.

**1.    Plaintiffs fail to plausibly allege AA Defendants are "creditors."**

ECOA defines "creditors" to include "any person who "regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a.

---

[8] The Ninth Circuit has not confirmed that this is a cognizable theory of recovery.

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

"The Federal Reserve Board, in implementing ECOA, further explained that '[c]reditor means a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit.'" *Grady v. FDIC*, No. CV-11-02060-PHX-JAT, 2014 WL 1364932, *6 (D. Ariz. Mar. 26, 2014) (citing 12 C.F.R. § 202.2(l)).  In the context of discrimination cases, this also includes "a person who, in the ordinary course of business, regularly refers applicants or prospective applicants to creditors, or selects or offers to select creditors to whom requests for credit may be made."  12 C.F.R. § 202.2(l).  Importantly, though, "[a] person is not a creditor regarding any violation . . . committed by another creditor unless the person knew or had reasonable notice of the act, policy, or practice that constituted the violation before becoming involved in the credit transaction." *Id.*

Here, Plaintiffs fail to plausibly allege that AAG (a holding company) or AA (an airline) regularly engages in any activity in the ordinary course of their businesses to qualify as creditors under ECOA.  Instead, Plaintiffs complain that "Defendants designated specific loan providers as 'partnered lenders'" and advertised such lenders in promotional materials and emails with links to third-party lenders' websites.  [FAC ¶¶ 66–67].  This falls short of plausibly alleging that "American" either regularly participated in credit decisions—including setting the terms of credit—or regularly referred applicants to creditors or selected them.  *Cf.* 12 C.F.R. § 202.2(l).  Although Plaintiffs assert that "American arranged for and participated in the extension, renewal, and continuation of the loans offered to Plaintiffs," the facts they allege belie this charge.  [FAC ¶ 1046].  Elsewhere Plaintiffs allege they obtained loans from third-parties AAFCU, Discover, and Sallie Mae.  [*Id.* ¶¶ 68, 70].  Nowhere do they plausibly allege that AAG or AA had any involvement whatsoever in these credit transactions.  This lack of detail stands in stark contrast to Plaintiffs' allegations concerning Coast, which Plaintiffs identify as a middle-man who certified loans, coordinated with Plaintiffs, received disbursed

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

funds "directly from the lender," and deposited them in Plaintiffs' bank accounts. [*Id.* ¶¶ 72–78, 1043].  Nowhere do Plaintiffs allege AA Defendants engaged in activity like this or had any knowledge or notice that third-party creditors were violating the Act.  This alone supports dismissal.

### 2. Plaintiffs fail to plead loans had grossly unfavorable terms.

Plaintiffs also do not plead that the terms of the loans they received from third-party lenders were grossly unfavorable to them.  Courts find "grossly unfavorable terms" where the allegations describe the unfavorable terms themselves or where the conduct leading up to the loan was unfair to the plaintiff.  *Davenport*, 725 F. Supp. 2d at 876.  Absent sufficient allegations, dismissal is in order.  *Woodworth v. Bank of Am., Nat. Ass'n*, No. 09-3058-CL, 2011 WL 1540358, *17–18 (D. Or. Mar. 23, 2011).  Here, Plaintiffs plead no allegations that would permit an inference that loans to them were grossly unfavorable.  In fact, other than the total loan amount for which each qualified, Plaintiffs provide no information about the terms whatsoever, except that they were "predatory."  [FAC ¶ 268; *see also id.* ¶¶ 408, 432, 451, 481, 507, 525, 549, 586, 607, 637, 663, 694, 714, 737, 763, 787, 816, 845, 876, 901].  This is insufficient under the law.  *Davenport*, 725 F. Supp. 2d at 876; *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1045 (N.D. Cal. July 16, 2009).

### 3. Plaintiffs fail to plausibly allege intentional targeting or loans to others on more favorable terms.

Equally problematic for Plaintiffs' ECOA claims is the fact that they do not plausibly allege that AA Defendants intentionally targeted them for unfair loans based on their protected status. Nor do they plausibly allege facts showing AA Defendants make loans on more favorable terms to others not included in their protected class. *Davenport*, 725 F. Supp. 2d at 876; *Hafiz*, 652 F. Supp. 2d at 1045.

Instead, Plaintiffs rely on generalized assertions that "Defendants maintained racially discriminatory policies and engaged in acts of racial discrimination as a matter of regular procedure, including by targeting non-white people with their

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

misleading advertisements and false claims." [FAC ¶ 1048].  But the pleading is devoid of any policy or procedure specific to AA Defendants showing how they may have targeted Plaintiffs for unfair loans.  Nor does it include specific allegations that AA Defendants made (or otherwise participated in) loans to others on more favorable terms.  Rather, according to the FAC, Plaintiffs were presented with the option to obtain loans from different lenders, Plaintiffs opted to pursue such loans, and they all received them.  These allegations do not support ECOA claims against AA Defendants.  Dismissal is warranted.

## F.     Plaintiffs Fail to State Breach of Quasi-Contract Claims.

Plaintiffs bring breach of quasi-contract claims against AA Defendants predicated on a theory of unjust enrichment.  [FAC ¶¶ 1088–1091].  Plaintiffs assert that by enticing them to enroll at Coast based on purportedly misleading representations, AA Defendants were "unjustly enriched." [*Id.* ¶¶ 1090–1091].  Plaintiffs' quasi-contract claims fail because they are foreclosed by their breach of contract claims and the FAC lacks sufficient allegations regardless.

### 1.     Plaintiffs' breach of contract claims preclude their claims for breach of quasi-contract.

"As a matter of law, a quasi-contract action for unjust enrichment does not lie where ... express binding agreements exist and define the parties' rights." *Strategic Execs. Agency v. Health*, No. CV 18-10459-AB (ADSx), 2020 WL 4354228, *9 (C.D. Cal. May 29, 2020) (*quoting Cal. Med. Ass'n v. Aetna U.S. Healthcare of Cal. Inc.*, 94 Cal. App. 4th 151, 172 (2001)).  Accordingly, "a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid." *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 133–34 (N.D. Cal. 2020).

Plaintiffs bring breach of contract claims against AA Defendants based on their purported violation of agreements covering every material aspect of the AACA,

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

the Coast training, and the cost thereof. [*See* FAC ¶¶ 1079–1083]. But Plaintiffs cannot allege the existence of enforceable agreements covering the entire subject matter of this litigation while simultaneously bringing claims for breach of quasi-contract. *Etminan v. Alphatec Spine, Inc.*, No. 24-cv-00395-GPC-DEB, 2024 WL 3941832, *3 (S.D. Cal. Aug. 23, 2024) ("quasi-contract claims ... based on unjust enrichment cannot be asserted when there are enforceable agreements covering the subject matter."); *see also Sunpower Corp. v. Sunpower Cal., LLC*, No. 21-cv-375-CAB-MSB, 2021 WL 2781245, *3 (S.D. Cal. July 2, 2021) ("quasi-contract claim [] depends on the absence of an express written contract covering the same subject matter."). Dismissal is warranted. *Kouball v. SeaWorld Parks & Entm't, Inc.*, No. 20-cv-870-CAB-BGS, 2020 WL 5408918, *6–7 (S.D. Cal. Sep. 9, 2020).[9]

**2.    Plaintiffs fail to allege AA Defendants received or unjustly retained benefits at Plaintiffs' expense.**

To state a quasi-contract claim, a plaintiff must allege that the defendant received and unjustly retained a benefit at plaintiff's expense. *Fast Access Specialty Therapeutics, LLC v. UnitedHealth Grp., Inc.*, 532 F. Supp. 3d 956, 970 (S.D. Cal. 2021). The FAC contains no allegations suggesting that AA Defendants were the beneficiaries of Plaintiffs' unsuccessful attempt to complete flight training, or that they unjustly retained those purported benefits.

While Plaintiffs generally assert that AA Defendants were unjustly enriched [*see* FAC ¶¶ 1088, 1091], the FAC lacks factual details supporting this assertion. Understandably so, as Plaintiffs cannot plausibly claim that paying Coast for flight

---

[9] A plaintiff may plead a breach of contract and quasi-contract claim in the alternative if the plaintiff "den[ies] the existence or enforceability of the alleged enforceable agreement." *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 999 (N.D. Cal. 2020). Plaintiffs do not allege that their contracts with AA Defendants are non-existent or invalid. [FAC ¶ 1088]. Thus, they have not properly pled a quasi-contract claim in the alternative. *Scheiman v. Edward Don & Co., LLC*, No. 26-cv-00220-TSH, 2026 WL 446258, *4–5 (N.D. Cal. Feb. 17, 2026).

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

training they failed to complete conferred a benefit on AA Defendants. The absence of non-conclusory allegations suggesting Plaintiffs conferred a benefit on AA Defendants is a sufficient basis for dismissal on its own. *Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 732 (N.D. Cal. 2024) (dismissing quasi-contract claim where it was "unclear from the facts alleged" how defendant received a "direct and unjust benefit" at plaintiff's expense).[10]

**G.      Plaintiffs Do Not Adequately Plead an Enforceable Contract Imposed the Obligations They Allege AA Defendants Breached.**

Plaintiffs allege that AA Defendants "entered into a valid contract with each Plaintiff through writings (including ... the offer letter)" and other unspecified written and oral communications with unnamed individuals. [FAC ¶ 1079]. Plaintiffs allege these contracts incorporated representations that "Plaintiffs would complete the AACA and Coast in 12 months (or in 10 months if they already had their PPL)" and receive all ratings required to become a commercial pilot; the training cost would range from approximately $80,000 to $104,000; Plaintiffs would train five to six days per week; Plaintiffs would be assigned an American pilot mentor before or shortly after commencing training; and Coast had sufficient resources (*e.g.*, aircraft, staff, instructors, etc.) to ensure Plaintiffs timely completed training.  [FAC ¶ 1082(a)-(e)].  Plaintiffs allege that AA Defendants breached various written and oral contracts by failing to satisfy these purported representations.  [*Id*. ¶¶ 1083–1084].

To plead a breach of contract claim, a plaintiff "must plead, among other things, the contract either by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference, or

---

[10] This defect is fatal notwithstanding allegations of wrongdoing by AA Defendants in connection with their enrollment at Coast.  *See Vizcarra*, 710 F. Supp. 3d at 732 ("Wrongful conduct does not provide a basis for restitution unless there is a benefit unjustly retained by the defendant").

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

by its legal effect." *King v. Mks Instruments*, No. SACV 17-01572-CJC (JCGx), 2018 WL 11359168, *3 (C.D. Cal. Jan. 19, 2018).

The only purported contract Plaintiffs identify is their Conditional Offers with "American." [FAC ¶ 1079, Exh. C]. However, the Conditional Offer does not impose any of the foregoing alleged contractual obligations on AA Defendants. In fact, it is inconsistent with them. For example, the Conditional Offer makes clear that "American" does not guarantee admission to any flight school and gives AA the right to remove a cadet from the program at any time in its sole and absolute discretion. [FAC, Exh. C, ECF 56-2 at 202]. The Conditional Offer also indicates that a flight school may suspend or expel a Plaintiff, and that a Plaintiff will be removed from the AACA if AA determines that he is not making satisfactory progress in training. This is wholly at odds with the alleged promise that Plaintiffs "would complete the AACA at Coast in 12 months[.]" [FAC ¶ 1082(a)]. Notably, Plaintiffs do not allege that the parties ever modified the terms of the Conditional Offer. *See* Civ. Code § 1698 (specifying method of modifying oral agreement); *Sunfarms, Ltd. Liab. Co. v. Eurus Energy Am. Inc.*, No. 3:18-cv-0058-L-AGS, 2019 WL 4736223, *4–6 (S.D. Cal. Sep. 26, 2019). Thus, Plaintiffs do not plausibly allege that the Conditional Offer—the only purported written contract they identify—provides a basis for their breach of contract claim. *See Miron v. Herbalife Int'l, Inc.*, 11 Fed. Appx. 927, 929 (9th Cir. 2001); *Hibu Inc. v. Lawrence*, No. SACV 13-0333-DOC (JPRx), 2013 WL 6190538, *3 (C.D. Cal. Nov. 25, 2013).

To be sure, Plaintiffs assert that contracts exist arising from unspecified "written communications, oral statements, mutual understandings, and course of action and dealings." [FAC ¶ 1079]. But Plaintiffs do not identify the communications or conduct that gave rise to AA Defendants' purported contractual obligations, or even which of the alleged obligations arises from an oral or written contract. This omission is critical. Courts routinely dismiss breach of contract claims where, as here, the plaintiff makes vague allegations regarding the source,

nature, and terms of the relevant contract. *See, e.g.*, *Krouse v. BAC Home Loans Servicing, LP*, No. 2:10-cv-03309-MCE-EFB, 2011 WL 2367093, \*3 (E.D. Cal. June 9, 2011); *N. Cty. Communs. Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010). Absent factual details of a contract's formation or terms, a plaintiff cannot plausibly allege the contract's existence. This is true here, as Plaintiffs claim they entered into an unspecified number of oral and written agreements, but fail to identify those contracts or provide factual allegations regarding the material terms, consideration, meeting of the minds, capacity of parties, etc. *See generally Alaei v. GEICO*, No. 3:20-cv-00262-L-WVG, 2021 WL 1165067, \*4–5 (S.D. Cal. Mar. 25, 2021) (dismissing breach of contract claim because there was "no meeting of the minds in the alleged oral contract").

Taken together, Plaintiffs allegations fall far short of stating a plausible claim for breach of the contract. The Court should dismiss.

### VI.    CONCLUSION

AA Defendants respectfully request the Court grant their Motion to Dismiss and award them all other relief to which the Court determines they are entitled.

DATED: May 21, 2026                 REED SMITH LLP


By:*/s/ Michele Haydel Gehrke*
Michele Haydel Gehrke
Brian Morris
Brian Noh
Victoria H. Shin
Daniel Ahn

Attorneys for AA Defendants


DATED: May 21, 2026                 KELLY HART & HALLMAN, LLP


By:*/s/ Shauna J. Wright*
Shauna J. Wright
Elizabeth C. Thomas
Austin B. Laws
Stephanie N. Garner
Attorneys for AA Defendants

AA DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS